## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| BEATRICE L. WILLIS,         ) | |
|      ) | |
| PLAINTIFF,        ) | |
|      ) | |
| v.                       ) | CIVIL ACTION NO. 3:05-CV1019-SRW |
|      ) | |
| SEARS,            ) | |
|      ) | |
| DEFENDANT.       ) | |

### DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW the defendant Sears, Roebuck & Co., incorrectly named as Sears in the above-styled case and submits the following for its Answer to plaintiff's Complaint:

### FIRST DEFENSE

Defendant responds to the corresponding numbered paragraphs of plaintiff's Complaint as follows:

1.       In response to paragraph 1 of plaintiff's Complaint, defendant is without sufficient information to admit or deny said allegations; therefore, defendant denies the allegations in paragraph 1 of the plaintiff's Complaint.

2.       In response to paragraph 2 of the plaintiff's Complaint, defendant admits that its principal place of business is in Hoffman Estates, Illinois, that it operates retail stores, and that it employs 15 or more employees.   Otherwise, defendant denies the allegations contained in paragraph 2 of the plaintiff's Complaint.

3.       Defendant admits that plaintiff is attempting to invoke the Court's jurisdiction in paragraph 3 of her Complaint but denies that the plaintiff is entitled to any relief under any statutory authority cited therein.   Defendant further denies that it violated any statute cited in

paragraph 3 of plaintiff's Complaint and specifically denies any material allegations made therein.

4.      Defendant admits that the plaintiff's Complaint appears to state that her lawsuit concerns the termination of her employment, but defendant denies that it unlawfully terminated the plaintiff's employment as well as all other material allegations made in paragraph 4 of the plaintiff's Complaint.

5.      In response to paragraph 5 of the plaintiff's Complaint, defendant admits that plaintiff began working for defendant on September 22, 1994 and that plaintiff was terminated effective November 1, 2004.  Otherwise, the defendant denies the allegations contained in paragraph 5 of the plaintiff's Complaint.

6.      Defendant denies the allegations in paragraph 6 of the plaintiff's Complaint.

7.      Defendant denies the allegations in paragraph 7 of the plaintiff's Complaint.

8.      Defendant denies the allegations in paragraph 8 of the plaintiff's Complaint.

9.      Defendant denies the allegations in paragraph 9 of the plaintiff's Complaint.

10.      Defendant admits that it operates a store located on Opelika Road in Auburn, Alabama **[check w/ client]** and that the plaintiff worked at this store.  The defendant otherwise denies the allegations contained in paragraph 10 of the Complaint, including any allegation that it unlawfully discriminated against the plaintiff.

11.      In response to paragraph 11 of the plaintiff's Complaint, the defendant is without sufficient information to admit or deny the allegations asserted in paragraph 11 of the plaintiff's Complaint; therefore, the defendant denies these allegations.

12.     Plaintiff is not entitled to the relief sought in paragraph 12 of plaintiff's Complaint or any relief whatsoever; therefore, defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint.

## SECOND DEFENSE

The Complaint fails to state a claim against this defendant upon which relief may be granted.

## THIRD DEFENSE

In view of the fact that the Complaint does not specifically allege the times, dates and circumstances with respect to all allegations, defendant states that the Complaint or parts thereof are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims in her Complaint are barred by the applicable statute of limitations and laches.

## FIFTH DEFENSE

Defendant denies each and every allegation contained in plaintiff's Complaint that have not been admitted and demands strict proof with respect to all allegations.

## SIXTH DEFENSE

Defendant states that it is not guilty of the allegations contained in plaintiff's Complaint.

## SEVENTH DEFENSE

Defendant denies that plaintiff is entitled to any relief whatsoever.

## EIGHTH DEFENSE

In view of the fact that plaintiff has failed to state the specific times, dates and circumstances with respect to the various allegations contained in his Complaint, defendant asserts that plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil

Procedure in that it fails to provide a short and plain statement of the claims showing that the pleader is entitled to relief.

## NINTH DEFENSE

Defendant denies that any of the plaintiff's alleged damages were proximately caused by any act, omission or misconduct of the defendant.

## TENTH DEFENSE

Plaintiff has failed to allege sufficient facts upon which any relief can be granted against this defendant in this action.

## ELEVENTH DEFENSE

Defendant denies that the plaintiff has suffered any damages as a result of any alleged acts and/or omissions of defendant.

## TWELFTH DEFENSE

Defendant states that plaintiff's own conduct proximately caused any and all damages sought in the Complaint.

## THIRTEENTH DEFENSE

Defendant asserts the defense of unclean hands on the part of plaintiff.

## FOURTEENTH DEFENSE

Defendant states that the plaintiff cannot prove any discriminatory conduct on the part of the defendant in view of the fact that it has not discriminated against said plaintiff. In the alternative, even if plaintiff could provide discriminatory conduct on the part of defendant (which plaintiff cannot), defendant is entitled to a judgment in its favor because some or all of the decisions and/or actions challenged as discriminatory in plaintiff's Complaint would have been undertaken even had the plaintiff not had the protected status alleged.

1415672

4

## FIFTEENTH DEFENSE

Defendant denies that the plaintiff is entitled to any recovery of damages or relief in this action in view of the fact that she has failed to mitigate her alleged damages.

## SIXTEENTH DEFENSE

Defendant states that there is no causal connection between any of the conduct on behalf of defendant and any damages claimed by plaintiff in this case.

## SEVENTEENTH DEFENSE

Defendant states that plaintiff is not entitled to receive any equitable relief in this case in view of the fact that she who seeks equity must do equity, and plaintiff has not done equity.

## EIGHTEENTH DEFENSE

With respect to all of plaintiff's claims, defendant pleads the defenses of waiver, res judicata, estoppel, judicial estoppel, collateral estoppel and ratification.

## NINETEENTH DEFENSE

If the evidence in this case reveals that the plaintiff would not have been hired by defendant or entitled to any damages based upon after-acquired evidence, defendant asserts this as an affirmative defense to plaintiff's claims, damages and relief sought in this action.

## TWENTIETH DEFENSE

With respect to any punitive damages claimed, defendant asserts that plaintiff is not entitled to receive said damages in view of the fact that any award of punitive damages would violate the constitutional safeguards provided this defendant under the Constitutions of the State of Alabama and the United States of America.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred under the workers' compensation laws of the State of Alabama.

### TWENTY-SECOND DEFENSE

The complaint should be dismissed, in whole or in part, on the grounds that defendant's actions with regard to plaintiff were premised upon legitimate, non-discriminatory, non-retaliatory reasons and that defendant's actions in this matter as to plaintiff were in good faith.

### TWENTY-THIRD DEFENSE

The complaint should be dismissed, in whole or in part, to the extent that plaintiff has failed, in whole or in part to fulfill all conditions precedent prior to bringing this action including, to the extent that plaintiff's charge of discrimination is untimely filed, the violations occurred more than the allowable period of time prior to the filing of the EEOC charge, and/or plaintiff has failed to comply with and/or exhaust administrative pre-requisites to filing a suit.

### TWENTY-FOURTH DEFENSE

The complaint should be dismissed in whole or in part to the extent that plaintiff has failed to exhaust her administrative remedies including, but not limited to, that matters complained of exceed the scope of the applicable charge of discrimination.

### TWENTY-FIFTH DEFENSE

Defendant reserves the right to amend its Answer after the completion of discovery.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Honorable Court enter a judgment in its favor and tax costs, expenses and attorney's fees against plaintiff.

Mac B. Greaves
Mieke A. Hemstreet
Attorneys for Defendant
Sears, Roebuck and Co.

OF COUNSEL:

1415672

6

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing it with the Clerk of the Court using the CM/EMF system and by placing same in the U.S. mail on this the 5th day of December, 2005, properly addressed and first class postage prepaid to:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

_____
OF COUNSEL