IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BEATRICE L. WILLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: 03-CV-05-1019-W |
| SEARS, ROEBUCK & CO., | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO DISALLOW THE PROPOSED AMENDED COMPLAINT

**COMES NOW** the defendant, Sears, Roebuck & Co. ("Sears"), and moves this Court to deny the plaintiff's Motion to Amend her Complaint and to disallow the plaintiff's proposed Amended Complaint. In support of its opposition Sears states as follows:

1. On October 24, 2005, the plaintiff filed her Complaint alleging a single claim of race discrimination under Title VII of the Civil Rights Act of 1964. In her Complaint, she requested back pay, reinstatement, and "other relief as may be appropriate." The plaintiff does not allege a claim for compensatory damages.

2. On December 5, 2005, Sears timely answered the plaintiff's Complaint denying that it had engaged in any unlawful discrimination and asserting that the plaintiff was not entitled to the requested relief.

3. On June 16, 2006, almost eight months after the plaintiff filed her initial Complaint, she filed a motion requesting that the Court allow her to amend her Complaint to include a claim for punitive damages in the amount of $300,000.

4. The plaintiff's Motion to Amend her Complaint to include a claim for punitive damages is due to be denied.

1476041

a. First, the plaintiff is not seeking any compensatory damages as defined under the Civil Rights Act of 1991. Neither her Complaint nor her proposed Amended Complaint specifically allege that she has suffered any mental anguish, emotional distress or compensatory damages. Without such a claim, the plaintiff is foreclosed from seeking punitive damages. See Kerr-Selgas v. American Airlines, Inc., 69 F.3d 1295 (1st. Cir. 1995) (holding that the plaintiff was not entitled to an award of punitive damages in her sex discrimination claim under Title VII in the absence of any award for compensatory damages); See Louisiana Acorn Fair Housing v. LeBlanc, 211 F.3d 298, 303 (5th Cir. 2000) (vacating the plaintiff's punitive damages award under the FHA because there was no award of actual damages); Peoples Helpers Foundation, Inc., v. City of Richmond, 12 F.3d 1321, 1327 (4th Cir. 1993) (stating that "punitive damages are not recoverable when compensatory damages have not been awarded."); Air Line Pilots Ass'n Int'l v. Scheduled Skyways, 567 F.Supp. 171 (W.D.Ark. 1983) (refusing to allow a punitive damages claim when the plaintiff failed to first allege compensatory damages). For this reason alone, the Court should deny the plaintiff's Motion to Amend her Complaint.

b. Second, the plaintiff fails to set forth any facts whatsoever in her Complaint or proposed Amended Complaint to support a claim for punitive damages. To support a claim for punitive damages, the law requires that the plaintiff point to some form of reckless or egregious conduct. See Dudley v. Wal-mart Stores, Inc., 166 F.3d 1317, 1322 (11th Cir. 1999) ("Punitive damages are available only when the employer has engaged in 'discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'") (citing 42 U.S.C. § 1981a)). The plaintiff here has failed to offer any facts in her Complaint or her proposed Amended Complaint that Sears acted with malice or reckless indifference. See FED.R.CIV.P. Rule 8(a) (requiring "a short plaint statement

of the claim showing that the pleader is entitled to relief"). Consequently, the Court should deny the plaintiff's Motion to Amend and disallow the plaintiff's proposed Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Honorable Court to deny the plaintiff's Motion to Amend and to disallow the plaintiff's Amended Complaint.

/s/ Mac B. Greaves
Mac B. Greaves
Mieke A. Hemstreet
Attorneys for Defendant
Sears, Roebuck and Co.

OF COUNSEL:
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing it with the Clerk of the Court using the CM/EMF system and by placing same in the U.S. mail on this the 22st day of June, 2006, properly addressed and first class postage prepaid to:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

/s/ Mac B. Greaves

OF COUNSEL

1476041                                    3