IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BEATRICE L. WILLIS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No.: 03-CV-05-1019-W |
| SEARS, ROEBUCK & CO., | ) ) ) |
|     Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Sears, Roebuck & Co., ("Sears" or "defendant") submits the following in response to the plaintiff's Amended Complaint in the above-styled case:

## ANSWER

Defendant adopts and incorporates all paragraphs and defenses included in its original Answer and responds to the corresponding numbered paragraphs of plaintiff's Amended Complaint as follows:

1.    In response to paragraph 1 of the plaintiff's Amended Complaint, the defendant realleges and reavers all prior responses and defenses contained in its Answer filed on December 5, 2005, in response to the plaintiff's original Complaint with the same force and effect as if fully set forth herein.

2.    In response to paragraph 2 of the plaintiff's Amended Complaint (including subparagraphs A and B), the defendant denies the paragraphs allegations and specifically denies the plaintiff is entitled to any punitive damages or any relief whatsoever.

1481617

## AFFIRMATIVE DEFENSES

Defendant reasserts the Affirmative Defenses included in its initial Answer to the plaintiff's Complaint as if fully set forth herein. The defendant alleges the following additional Affirmative Defenses in response to the plaintiff's Amended Complaint.

## TWENTY-SIXTH DEFENSE

Plaintiff fails to state a claim against the defendant that would warrant the award of punitive damages.

## TWENTY-SEVENTH DEFENSE

The plaintiff is not entitled to punitive damages as none of the actions taken by defendant relative to the plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the federally protected rights of the plaintiff.

## TWENTY-EIGHTH DEFENSE

Punitive relief claimed by the plaintiff would violate the Constitutions of the United States and/or the State of Alabama.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages are barred because defendant had an applicable non-discrimination policy, plaintiff failed to take advantage of it, and upper management had no actual or constructive notice of the alleged conduct.

## THIRTIETH DEFENSE

Plaintiff's demand for punitive damages violates the Constitution and/or common law or public policies of the United States on the following grounds:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a civil

1481617

defendant, upon either plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

    b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.

    c.    The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

    d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and defendant's Due Process rights.

    e.    Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

    f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of defendant's Due Process rights.

    g.    Plaintiff's claim for punitive damages against defendant cannot be sustained because any award of punitive damages would violate defendant's Due Process rights inasmuch as juries are not guided by adequate or specific standards concerning the

amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

      h.    The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, indefinite and uncertain, and deprive this defendant of due process of law.

      i.    Plaintiff's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Complaint, caused defendant to be treated differently from other similarly-situated persons and/or entities by subjecting defendant to liability beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

      j.    Plaintiff is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self incrimination clause of the 5th Amendment to the United States Constitution to impose against defendant punitive damages, which are penal in nature, yet compelled defendant to disclose potentially incriminating evidence.

      k.    An award of punitive damages in this case would cause a deprivation of property without due process of law.

      l.    The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

      m.    The procedures pursuant to which punitive damages are awarded subject the defendant to punishment under a law not fully established before the alleged offense.

1481617

n.    The 11th Amendment of the United States Constitution prohibits plaintiff's recovery of damages or of any other monetary relief in this action.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests this Honorable Court enter a judgment in its favor and tax costs, expenses and attorney's fees against plaintiff.

/s/ Mieke A. Hemstreet
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)
Attorneys for Defendant
Sears, Roebuck & Co.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

### CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by filing it with the Clerk of the Court using the CM/EMF system and by placing same in the U.S. mail on this the 14th day of July, 2006, properly addressed and first class postage prepaid to:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, AL 36801

/s/ Mieke A. Hemstreet

OF COUNSEL

1481617