10-1-04

I have been told that the 65.00 Coupon from service is only to be used if Customer bring them in after a repair has been done on merchandise.

Bertrice Willis



## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 130 2005 04239 |

and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone No. (incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Beatrice L. Willis | (334) 745-0148 | 1/1/63 |

Street Address: 18 Brannon Ave., Opelika, AL 36801

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Sears | 100+ | (334) 502-2059 |

Street Address: 1627-5 Opelika Rd., Auburn, AL 36830

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Kenneth Reese, Terry Gandy, and John Lawry (Management of Sears) | | (334) 502-2059 |

Street Address: Same as Sears

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
11/01/04

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Race discrimination based on disparate treatment of black female employees by Sears' management personnel.

I was wrongfully terminated as a Sears' sales associate on November 1, 2004, for alleged coupon abuse, when other white associates were doing the same thing in using the coupons. No adverse employment action was taken against the white associates in the store. Store management had not given instructions on how to use the coupons to sales associates.

APR 28 2005

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-27-05   Ms. Beatrice L. Willis  Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



DEFENDANT'S EXHIBIT
7  Willis

PROD. BY DEFENDANT
00089
WILLIS v. SMITH

EEOC Form 161 (10/96)          U.S. E~  ~L EMPLOYMENT OPPORTUNITY COMMIS~~~~

## DISMISSAL AND NOTICE OF RIGHTS

To: Beatrice L. Willis
c/o T. Robin McIntyre
Attorney at Law
2101 Executive Park Dr., Ste. 102
Opelika, AL 36801

From: Birmingham District Office
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, AL 35205

[  ]  *On behalf of person(s) aggrieved
whose identity is   CONFIDENTIAL*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-04239 | Serena Curry, Investigator | (205) 212-2072 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  *Other (briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*S. amell Hall*

July 28, 2005

Bernice Williams-Kimbrough,  District Director          *(Date Mailed)*

Enclosure(s)

cc:   Sears
c/o James M. Fischer
Fair Employment Consultant
3333 Beverly Road Office, #A3-128B
Hoffman Estates, IL 60179



DEFENDANT'S
EXHIBIT

8   Willis

PROD. BY DEFENDANT
**00088**
WILLIS v. SMITH

```
Type:                           Disc: N   Date: 05/01/04 to 05/31/04
Reg:        Acct:       Ch:               Time:      __   to
Reduct:
```

Type an  X  in the selection field.     Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|---|---|---|---|---|---|---|---|
| _ | 025950229823 | 05/01/04 |          | 4709.19 | .00 | CHK | PMT |
| _ | 025950267554 | 05/01/04 |          | 25.00 | .00 | CSH | PMT |
| _ | 025950267555 | 05/01/04 |          | 15.00 | .00 | CSH | PMT |
| _ | 025950267559 | 05/01/04 | LEE      | 452.58 | .00 | SMC | SL |
| _ | 025950576214 | 05/01/04 |          | 40.00 | .00 | CSH | PMT |
| _ | 025950267563 | 05/01/04 | HUMPHREY | 777.48 | -79.99 | SMC | SL |
| _ | 025950267564 | 05/02/04 | THROWER  | 439.13 | -83.28 | CHK | SL |
| _ | 025950267569 | 05/02/04 |          | 60.00 | .00 | CSH | PMT |
| _ | 025950267575 | 05/02/04 |          | 236.00 | .00 | CHK | PMT |
| _ | 025950267577 | 05/02/04 | MERRITT  | 592.79 | -90.99 | CHK | SL |

Enter   F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel



DEFENDANT'S EXHIBIT
willis
9

PLAINTIFF'S PRODUCTION 00081
WILLIS v. SEARS

Assoc #:   869

```
Type:                          Disc: N   Date: 05/01/04 to 05/31/04
Reg:         Acct:      Ch:              Time:          to
Reduct:
```

Type an  X  in the selection field.    Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|---|---|---|---|---|---|---|---|
| _ | 025950229992 | 05/23/04 | STEAKHOUSE AND SUS | 172.67 | .00 | CHK | SL |
| _ | 025950229993 | 05/23/04 | STEAKHOUSE AND SUS | 475.06 | .00 | CHK | SL |
| _ | 025950268365 | 05/24/04 |  | 600.00 | .00 | CHK | PMT |
| _ | 025950268369 | 05/24/04 | WISDOM | 129.52 | .00 | CHK | SL |
| _ | 025959016838 | 05/24/04 | HERRICK | -329.98 | .00 | CSH | SL |
| _ | 025959016839 | 05/24/04 | HERRICK | 384.98 | -65.00 | MLT | SL |
| _ | 025950268389 | 05/25/04 |  | 48.59 | .00 | CSH | PMT |
| _ | 025950268395 | 05/25/04 |  | 25.00 | .00 | CSH | PMT |
| _ | 025950268399 | 05/25/04 | BATTLES | 248.27 | .00 | CSH | SL |
| _ | 025950220003 | 05/25/04 | BATTLES | 518.39 | .00 | CSH | SL |

Enter   F3=Exit   F7=Bkwd   F8=Fwd   F12=Cancel

PLAINTIFF'S PRODUCTION 00082
WILLIS v. SEARS

```
Type:                          Disc: N  Date: 05/01/04 to 05/31/04
Reg:          Acct:      Ch:             Time:          to
Reduct:
```

Type an  X  in the selection field.    Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|-----|-------------|------|----------|--------------|------------------|---------|---------|
| _ | 025950267746 | 05/06/04 | DORTON | 566.70 | .00 | CHK | SL |
| _ | 025950267747 | 05/06/04 | BISHOP | 201.86 | .00 | OTH | SL |
| _ | 025950267748 | 05/06/04 |  | 60.00 | .00 | CSH | PMT |
| _ | 025950229849 | 05/06/04 | ALLEN | 215.87 | .00 | SRS | SL |
| _ | 025950267750 | 05/06/04 |  | 3750.00 | .00 | CHK | PMT |
| _ | 025950267752 | 05/06/04 |  | 3658.00 | .00 | CHK | PMT |
| _ | 025950229864 | 05/08/04 | JONES | 523.66 | -95.00 | SRS | SL |
| _ | 025950229866 | 05/08/04 | JONES | 523.66 | -95.00 | SRS | SL |
| _ | 025950229867 | 05/08/04 |  | 231.01 | .00 | CHK | PMT |
| _ | 025950267827 | 05/08/04 | BURNEY | 172.67 | .00 | SRS | SL |

Enter   F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel

**PLAINTIFF'S PRODUCTION 00083**
**WILLIS v. SEARS**

```
Type:                              Disc: N   Date: 05/01/04 to 05/30/04
Reg:         Acct:        Ch:                Time:          to
Reduct:
```

Type an  X  in the selection field.    Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|---|---|---|---|---|---|---|---|
| _ | 025950267571 | 05/02/04 | SANFORD | 880.05 | -116.99 | SRS | SL |
| _ | 025950229826 | 05/02/04 | BOCEMAN | 826.19 | -85.00 | OTH | SL |
| _ | 025950229827 | 05/02/04 | MCGINTY | 566.31 | -141.13 | SMC | SL |
| _ | 025950267576 | 05/02/04 |  | 50.00 | .00 | CHK | PMT |
| _ | 025950229829 | 05/02/04 | SINELNIKOV | 296.98 | -33.00 | SRS | SL |
| _ | 025950267579 | 05/02/04 | CURTIS | 686.32 | -183.90 | MLT | SL |
| _ | 025950267632 | 05/03/04 |  | 60.00 | .00 | CSH | PMT |
| _ | 025950267633 | 05/03/04 |  | 116.00 | .00 | CHK | PMT |
| _ | 025950267634 | 05/03/04 |  | 167.16 | .00 | CHK | PMT |
| _ | 025950267635 | 05/03/04 |  | 66.00 | .00 | CHK | PMT |

Enter    F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel

PLAINTIFF'S PRODUCTION 00086
WILLIS v. SEARS

Assoc #:    414

```
Type:                              Disc: N   Date: 05/01/04 to 05/30/04
Reg:        Acct:       Ch:                  Time:          to
Reduct:
```

Type an  X  in the selection field.    Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|-----|-------------|------|----------|--------------|------------------|---------|---------|
| _ | 025950267636 | 05/03/04 | RIDDLE | 1007.63 | .00 | SRS | SL |
| _ | 025950267637 | 05/03/04 | HEAD | 323.99 | .00 | MLT | SL |
| _ | 025950267657 | 05/04/04 | HINES | 399.98 | .00 | CHK | SL |
| _ | 025950229920 | 05/16/04 | MCDONALD | 653.26 | .00 | OTH | SL |
| _ | 025950268088 | 05/16/04 | | 24.00 | .00 | CSH | PMT |
| _ | 025950268097 | 05/16/04 | BARNES | 534.59 | -25.00 | SRS | SL |
| _ | 025950268100 | 05/16/04 | KIM | 362.74 | .00 | SRS | SL |
| _ | 025950268101 | 05/16/04 | | 81.43 | .00 | CHK | PMT |
| _ | 025950268102 | 05/16/04 | KNIGHT | 510.27 | -72.50 | SRS | SL |
| _ | 025950268103 | 05/16/04 | BARNES | 449.98 | .00 | OTH | SL |

Enter    F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel



DEFENDANT'S
EXHIBIT

10  willis

PLAINTIFF'S PRODUCTION 00089
WILLIS v. SEARS

```
Type:                              Disc: N   Date: 08/01/04 to 08/31/04
Reg:         Acct:        Ch:                Time:         to
Reduct:
```

Type an  X  in the selection field.    Then press enter.

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|-----|-------------|------|----------|--------------|------------------|---------|---------|
| _ | 025950220932 | 08/26/04 | SMITH | 381.46 | .00 | SRS | SL |
| _ | 025950036174 | 08/28/04 | STEVENS | 748.22 | .00 | OTH | SL |
| _ | 025950220986 | 08/28/04 | HITE | 664.19 | -65.00 | OTH | SL |
| _ | 025950220988 | 08/28/04 | SIMS | 718.17 | .00 | OTH | SL |
| _ | 025950220996 | 08/28/04 | LEGGETT | 87.47 | -9.00 | OTH | SL |
| _ | 025950220997 | 08/28/04 | | .00 | .00 | | NSL |
| _ | 025950220998 | 08/28/04 | | .00 | .00 | | CLS |
| _ | 025950221002 | 08/29/04 | TEEL | 1234.42 | .00 | SMC | SL |
| _ | 025950221003 | 08/29/04 | | 107.99 | .00 | SMC | SL |
| _ | 025950221004 | 08/29/04 | | 6.31 | .00 | CSH | SL |

Enter    F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel

PLAINTIFF'S PRODUCTION 00090
WILLIS v. SEARS

```
                                Assoc #:    869

Type:                              Disc: N   Date: 07/01/04 to 07/31/04
Reg:        Acct:       Ch:                  Time:          to
Reduct:


Type an  X  in the selection field.    Then press enter.


                                     Total   Reduction    Pay  Trn
Sel  Salescheck#    Date      Customer     Amount    Amount      Typ  Typ
---  ------------  --------  ------------------  --------  ---------    ---  ---
 _   025950260693  07/30/04  CURRAN          1274.27    -65.00    DSC   SL
 _   025950260701  07/30/04                   100.00       .00    CHK   PMT
 _   025950260702  07/30/04                   100.00       .00    CHK   PMT
 _   025950260703  07/30/04                    40.00       .00    CHK   PMT
 _   025959018934  07/30/04  HUANG            -48.60       .00    OTH   SL
 _   025959018936  07/30/04  HUANG            -48.60       .00    CSH   SL
 _   025950260709  07/30/04                    68.61       .00    CHK   PMT
 _   025950260060  07/10/04  MURRAY           80.99       .00    CSH   SL
 _   025950220399  07/10/04  HARRIS          151.18       .00    CHK   SL
 _   025950260069  07/11/04                    29.38       .00    CHK   PMT


Enter   F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel
```

PLAINTIFF'S PRODUCTION 00091
WILLIS v. SEARS

Assoc #:    869

```
Type:                            Disc: N   Date: 05/01/04 to 05/31/04
Reg:         Acct:      Ch:                Time:          to
Reduct:


Type an  X  in the selection field.    Then press enter.


                                    Total  Reduction   Pay  Trn
Sel  Salescheck#    Date       Customer  Amount  Amount    Typ  Typ
---  -----------  --------  ------------ --------  ---------  ---  ---
 _   025950268163 05/18/04  SCAIFE        647.99    -65.00    SMC  SL
 _   025950229935 05/18/04  HAYES        1276.44      .00     SMC  SL
 _   025950268184 05/19/04                140.00      .00     CHK  PMT
 _   025950268185 05/19/04                 80.00      .00     CHK  PMT
 _   025950268186 05/19/04                  8.00      .00     CSH  PMT
 _   025950268187 05/19/04                 50.00      .00     CSH  PMT
 _   025950268298 05/22/04               1562.75      .00     CHK  PMT
 _   025950229966 05/22/04  WOOD          264.27    -19.99    CHK  SL
 _   025950268301 05/22/04  WHATLEY       286.06     -5.00    CHK  SL
 _   025950220041 05/29/04                 75.00      .00     CHK  PMT


Enter   F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel
```

PLAINTIFF'S PRODUCTION 00092
WILLIS v. SEARS

```
Type:                              Disc: N   Date: 09/01/04 to 09/30/04
Reg:          Acct:        Ch:               Time:              to
Reduct:


Type an  X  in the selection field.    Then press enter.
```

| Sel | Salescheck# | Date | Customer | Total Amount | Reduction Amount | Pay Typ | Trn Typ |
|---|---|---|---|---|---|---|---|
| _ | 025950260028 | 09/30/04 | PITTS | 253.79 | -65.00 | OTH | SL |
| _ | 025950260029 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950260030 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950260031 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950260032 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950220035 | 09/30/04 | BAUERMEISTER | 509.99 | -90.00 | OTH | SL |
| _ | 025950220036 | 09/30/04 | COX | 334.98 | .00 | CHK | SL |
| _ | 025950220037 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950260033 | 09/30/04 | | .00 | .00 | | NSL |
| _ | 025950220039 | 09/30/04 | MEADOWS | .00 | .00 | CSH | SL |

```
Enter   F3=Exit    F7=Bkwd    F8=Fwd    F12=Cancel
```

PLAINTIFF'S PRODUCTION 00093
WILLIS v. SEARS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN _____ DIVISION

BEATRICE L. WILLIS                          )
                                            )
                                            )
                 Plaintiff                  )
                                            )        3:05CV1019-W
              v.                            )
SEARS                                       )
                                            )
                                            )
                 Defendant(s)               )

## COMPLAINT

1.    Plaintiff resides at _____ 18  Brannon Ave., Opelika, AL 36801

2.    Defendant(s)' name(s) __Sears__

      Location of principal office(s) of the named defendant(s)_____
      333 Beverly Road, A3-128B, Hoffman Estates, IL 60179

      Nature of defendant(s)' business ___Retail___

      Approximate number of individuals employed by defendant(s) ___200+___

3.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

4.    The acts complained of in this suit concern:

      1.    ____ Failure to employ me.
      2.    _X_ Termination of my employment.
      3.    ____ Failure to promote me.
      4.    ____ Other acts as specified below: _____

      _____

1



DEFENDANT'S EXHIBIT

11   Willis

5.    Plaintiff is:

A.    _____ Presently employed by the defendant.
      __X__ Not presently employed by the defendant.  The dates of employment were
      Sept. 1994 to Nov. 1, 2004_____. Employment was terminated because:

      (1)    __X__ Plaintiff was discharged.
      (2)    _____ Plaintiff was laid off.
      (3)    _____ Plaintiff left job voluntarily.

6.    Defendant(s)' conduct is discriminatory with respect to the following:

      A.    __X__ My race.
      B.    ____ My religion.
      C.    ____ My sex.
      D.    ____ My national origin.
      E.    ____ Other, as specified below: _____

7.    The name(s), race, sex, and the position or title of the individual(s) who allegedly
      discriminated against me during the period of my employment with the defendant company
      is (are)___Kenneth Reese, Cau., M, General Store Manager_____
      _____John Lawry, Cau., M, Assistant Store Manger_____
      _____Terry Grady, Cau., M, Store Lose Prevention Manager_____

8.    The alleged discrimination occurred on or about ___11/1 /04_____.

9.    The nature of my complaint, *i.e.*, the manner in which the individual(s) named above
      discriminated against me in terms of the conditions of my employment, is as follows: ____
      ___Race discrimination based on disparate treatment of black female employees__
      _by Sears' management personnel._____
      ___I was wrongfully terminated as a Sears' sales associate on November 1, 2004,_
      _for alleged coupon abuse, when other white associates were doing the same thing in_
      _using the coupons. No adverse employment action was taken against the white_____
      _associates in the store.  Store management had not given instructions on how to____
      _use the coupons to sales associates._____
      _____
      _____
      _____

10.   The alleged illegal activity took place at_____Sears' Store at 1627-5 Opelika Rd.,_
      _Auburn, AL 36830_____

2

11.    I filed charges with the Equal Employment Opportunity Commission regarding defendant(s)' alleged discriminatory conduct on or about  4/28/2005 .
I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on  8/1/2005 .

12.    I seek the following relief:

A.      X   Recovery of back pay.
B.      X   Reinstatement to my former job,
and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

Date:    10/21/2005

Signature of Plaintiff
18 Brannon Ave., Opelika, AL 36801
(334) 745-0148

Address & Telephone Number of Plaintiff

T. Robin McIntyre
Attorney for Plaintiff
2101 Executive Park Drive
Opelika, AL 36801
(334) 745-3223

3

CERTIFICATE OF SERVICE

I hereby certify that copies of the above Summons and Complaint have been sent by U.S. Mail to the following on this the 24 day of October, 2005:

SEARS LEGAL DEPARTMENT
333 Beverly Road, A3-128B
Hoffman Estates, IL 60179

T. Robin McIntyre

Statement of Beatrice Willis

I, Beatrice Willis, was employed with Sears from September 1994, as an appliance sales associate, until I was terminated on November 2004 for the misuse of coupons. Carolyn Landers and Stephanie Darby, who are white females, had used the same store coupons with no adverse employment action taken against them. I had never been disciplined for the use of coupons, using coupons was a part of the selling process to legitimately entice the customers to make a purchase. I would never do anything intentionally or negligently to jeopardize my job.

I called the Sears ethics line to report certain managerial improprieties. In September 2004, John Lawrie, a white male, who was the assistant store manager of hardlines and my supervisor brought to my attention that he was aware that I had called the ethics line. My response was I did and I will call them again if I need to.

On October 29, 2004, the day of the grand re-opening, all full timers in the appliance department were scheduled from 9:00 a.m. – 6:00 p.m. as it was time for my shift to end, customers started to come into appliances, I told Jacquelyn Dodson that Carolyn need some help because she wouldn't be able to take care of all those customers; we agreed to help her out and make some money. Shortly after Kenny came to the sales floor, he started to help Carolyn wait on customers. He knew that we had not made any money all day and this was the perfect time for us to stay and lend a helping hand for the company and ourselves. Kenny asked, why were we still there and when were we going to leave? In the past, if the department was short staffed, our supervisor would commend us for staying, so I thought he would appreciate us remaining there to help out. He wanted



DEFENDANT'S EXHIBIT

12   WILLIS

PLAINTIFF'S PRODUCTION 00037
WILLIS v. SEARS

Carolyn to make all the money and I personally witnessed Kenny ringing sales transactions into Carolyn's employee number at the appliance register.

On November 1, 2004, Terry Gandy and John Lawrie came out to the sales floor and asked me, what was the procedure for coupons because there was a problem in hardware? I told Terry and John to my understanding, when we were following corporate policy under previous store managers the procedure was to tear them up or turn them in at night. I mentioned to Terry and John that, they already knew that we had not been following company policy. Management had already established a practice for associates to reuse coupons as an incentive for customers to purchase items.

During that Afternoon Terry Gandy paged me to come into his office, when I arrived to his office Nina Fitzwater, the Human Resource Lead, was there. Terry stated to me that he had receipts showing that I had been reusing coupons and I told him while they were accusing me of reusing coupons, that they needed to find out why money was being taken out of my paycheck for merchandise that was going out on delivery that was being damaged when it arrived at the customers home. I told him that I have lost lots of money for sale adjustments that I would have to give to customers, that I had no control of. Management knew that this was going on because they would have to come out to the department and approve for the adjustment. I should not have lost money because Sears should have taken the markdown from the merchandise or rung into an account that covers damages. Terry said that Kenny would have to cover that information with me because he didn't know anything about that situation. Terry Gandy went on to state that I had illegally used coupons. I told Terry that I had used the coupons in the same manner that other associates had an in the manner that management had allowed for us to do. I

PLAINTIFF'S PRODUCTION 00038
WILLIS v. SEARS

told him because the sale was rung under my number doesn't mean that I had actually rung all those sales. I know that I didn't ring some of the sales that I was terminated for. I have personal knowledge that Carolyn Lander and Stephanie Darby, who are white females; have used coupons out of the drawer for customers, associates, and some of the managers at the Sears Auburn Store.

On November 1, 2004 at approximately 4:00 pm. I was paged to Kenny Reese office, when I arrived; Terry Gandy and Nina Fitzwater were there. Kenny stated to me that Terry had brought to his attention that I had been misusing coupons, I stated to Kenny that I used the coupons in the same manner that other associates had and in the manner that they had allowed for us to do. Kenny told me that he was terminating my employment for the misuse of coupons. I then called out to the appliances department to ask Denise Smith to bring my purse; Byron Mason, the softlines manager brought my purse to me and he asked me what happened, I told him that he just need to be careful.

There would be times when Kenny Reese would page for me to come to his office and when I arrived there he would ask me to go back to the sales floor to call Lowe's to check on their delivery charges and when I found out the answer to come back to his office to let him know. He could have called out to the sales floor to ask me to call Lowe's, I got paid strictly commission and I need to have been on the sales floor at all times.

I was a dedicated associate, who enjoyed selling appliances, making the customers happy by giving them good customer service, and making them feel comfortable in knowing that they had purchased good quality merchandise. All the years that I had been employed with Sears I never had the fear of losing my job because I was a black female.

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
## DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| BEATRICE L. WILLIS,<br>    **Plaintiff,** | )<br>)<br>) |
| **vs.** | ) Civil Action No.: 03-CV-05-1019-SRW<br>) |
| SEARS ROEBUCK & CO.,<br>    **Defendant.** | )<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST
## INTERROGATORIES AND REQUEST FOR PRODUCTION

Plaintiff has attached to this response the requested information for the Defendant.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _27_ day of _July_, 2006, by U.S. Mail sent a copy of the above Response to:

Hon. Mieke A.Hemstreet
Burr & Forman LLP
3100 South Trust Tower
420 North 20th Street
Birmingham, AL 35203

_T. Robin McIntyre_
T. Robin McIntyre

DEFENDANT'S
EXHIBIT

13  Willis

## INTERROGATORIES FOR BEATRICE WILLIS

1.  Beatrice L. Willis; 18 Brannon Avenue, Opelika, Alabama 36801; Macon County, Tuskegee, Alabama 36083

2.  18 Brannon Avenue; Opelika, Alabama 36801; December, 2001- present
    Woodbend Apartments 6C, Opelika, Alabama 36801; February, 1998 - December, 2001
    3397 Lee Road 44, Opelika, Alabama 36804; July, 1995 - February, 1998

3.  Auburn Day Care Centers, 721 Slaughter Street, Auburn, Alabama 36830; 1998-1994
    Position: School Age Teacher/Van Driver
    Salary: $6.00/hr
    Supervisor: Ethel White
    Resigned to work full time for Sears

    Auburn City Schools Transportation Department, 209 Alabama Street, Auburn, Alabama 36832; 1991-1996
    Position: Bus Aide/Bus Driver
    Salary: $8.00/hr @ 4 hrs a day
    Supervisor: Michael Holden
    Resigned to work full time for Sears

    Sears and Roebuck, 1627-5 Opelika Road, Auburn, Alabama 36830; September, 1994 - November, 2004
    Position: Consultative Sales
    Salary: $21.30
    Supervisor: John Lowry
    Terminated unfairly

    Dillards, 1627 Opelika Road, Auburn, Alabama 36830; December, 2004 - present
    Position: Sales Associate
    Salary: $150.00 weekly
    Supervisor: Belinda Miles
    Still employed

    Opelika City Schools Transportation Department, 300 Simmons Street, Opelika, Alabama 36801; September, 2005 - present
    Position: Bus Driver
    Supervisor: Jeff Foster

4.  Listed above in #3; State of Alabama Child Support, $313.00

5.  Yes, bankruptcy for bill consolidation; filed with the Opelika Federal Courts; 1998

6.  Yes, criminal trespassing; Lee County, Auburn, Alabama, 36830; 1989

7.    N/A

8.    Denise Smith, 930 Holmes Avenue, Auburn, Alabama 36830, 334-502-3445, Auburn
      University
      Shannon Bryant, 4207 Oak Bowery Road, Opelika, Alabama 36801, 334-741-0199,
      Morningside Assistant Living
      Wilborn Sanders, 1717 Centra Villa Drive, South West, Apt. B-65, Atlanta, Georgia
      30311, 1-678-913-9160, employment n/a
      Geraldine Barnes, 744 Lochapoka Highway, Auburn, Alabama 36830, 334-887-6765,
      Auburn City Schools
      Jimmie Tyson, 1403 Douglas Street, Opelika, Alabama 36801, 334-745-0643, LaGrange
      City Schools
      Byron Mason, 1627-5 Opelika Road, Auburn, Alabama 36830, 334-502-2059, Sears
      James Benson, 165 Lee Road 453, Waverly, Alabama 36879, 334-826-9699, State of
      Alabama
      Anthony Smiley, 974 Madwind Road, Jackson Gap, Alabama 36861, 334-703-5270,
      State of Alabama
      Louis Collins, 718 Tiger Town, Opelika, Alabama 36801, 334-737-0156, Ross Dress For
      Less
      Greg Newton, 1500 Eastdale Mall, Montgomery, Alabama 36117, 334-271-8266, Sears
      Nina Fitzwater, 2311 Gateway Drive, Opelika, Alabama 36801, 334-745-8028, Lee
      County Circuit Clerks Office
      Stephanie Darby, 1627-5 Opelika Road, Auburn, Alabama 36830, 334-502-2059, Sears
      Carolyn Landers, 1359 Teaberry Court, Auburn, Alabama 36830, 334-887-7159
      Clint Teal, 13771 Halso Mill Road, Greenville, Alabama 36037, 334-382-2035
      Eloise G. Johns, 247 Jerome Court, Auburn, Alabama 36830, 334-826-5090
      George M. Johns, 247 Jerome Court, Auburn, Alabama 36830, 334-826-5090, Auburn
      University

9.    Yes, refer to the same as mentioned above in #8

10.   Refer to the same as mentioned above in #5

11.   n/a

12.   n/a

13.   a) same as #1 under subheading "Request For Production" also same as #8 above and
          See Denise Smith declaration attached,
          See Beatrice Willis declaration attached,
          See Shannon Bryant declaration attached,
          See Louis Collins declaration attached,
          See Eloise Johns declaration attached,
          See George Johns declaration attached
          See James Benson declaration attached

b) same as #1 under subheading "Request For Production" also same as #8 above and
See Denise Smith declaration attached,
See Beatrice Willis declaration attached,
See Shannon Bryant declaration attached,
See Louis Collins declaration attached,
See Eloise Johns declaration attached,
See George Johns declaration attached
See James Benson declaration attached

14.    a) same as #1 under subheading "Request For Production" also same as #8 above and
See Denise Smith declaration attached,
See Beatrice Willis declaration attached,
See Shannon Bryant declaration attached,
See Louis Collins declaration attached,
See Eloise Johns declaration attached,
See George Johns declaration attached
See James Benson declaration attached

b) same as #1 under subheading "Request For Production" also same as #8 above and
See Denise Smith declaration attached,
See Beatrice Willis declaration attached,
See Shannon Bryant declaration attached,
See Louis Collins declaration attached,
See Eloise Johns declaration attached,
See George Johns declaration attached
See James Benson declaration attached

15.    a) same as #1 under subheading "Request For Production" also same as #8 above and
See Denise Smith declaration attached,
See Beatrice Willis declaration attached,
See Shannon Bryant declaration attached,
See Louis Collins declaration attached,
See Eloise Johns declaration attached,
See George Johns declaration attached
See James Benson declaration attached

b) same as #1 under subheading "Request For Production" also same as #8 above and
See Denise Smith declaration attached,
See Beatrice Willis declaration attached,
See Shannon Bryant declaration attached,
See Louis Collins declaration attached,
See Eloise Johns declaration attached,
See George Johns declaration attached
See James Benson declaration attached

16    a) same as #1 under subheading "Request For Production" also same as #8 above and
       See Denise Smith declaration attached,
       See Beatrice Willis declaration attached,
       See Shannon Bryant declaration attached,
       See Louis Collins declaration attached,
       See Eloise Johns declaration attached,
       See George Johns declaration attached
       See James Benson declaration attached

      b) same as #1 under subheading "Request For Production" also same as #8 above and
       See Denise Smith declaration attached,
       See Beatrice Willis declaration attached,
       See Shannon Bryant declaration attached,
       See Louis Collins declaration attached,
       See Eloise Johns declaration attached,
       See George Johns declaration attached
       See James Benson declaration attached

I was wrongfully terminated as a Sears sales associate on November 1, 2004 for alleged coupon abuse, when other white associates were using the same coupons and no adverse employment action was taken against them. Carolyn Landers, a white female, who had only worked for the company approximately five months, used the same store coupon on August 28, 2004 and September 30, 2004, with no adverse employment action taken against her. Stephanie Darby, also a white female, who had only worked for Sears for about three years, but who had only worked in Brand Central for one year, also used the coupon on May 8, 2004, May 18, 2004, May 24, 2004, and July 30, 2004 and no adverse employment action was taken against her. I have worked for this company since September 16, 1994, and I had never been disciplined for use of coupons. Use of the coupons is a part of the selling process to legitimately entice the customer to make a purchase. I had not done anything any different than I had been doing under the other store managers, prior to Mr. Reese being hired, and it was never a problem before. I would never do anything intentionally or negligently to jeopardize my job.

I also am being discriminated against because of reprisal because I called the Sears ethics line to report certain managerial improprieties on September 28, 2004. On October 11, 2004, John Lawry, white assistant store manager who was my supervisor brought to my attention that he was aware that I had called the ethics line. My response was I did and I will call them again if I need to. I think that is the other reason for Kenneth Reese terminating me. Kenneth Reese did not want anyone of color to question his authority. Kenneth Reese knew that I had a really good relationship with the district staff. He felt that I

would make them aware of the improprieties being committed by Kenneth Reese and John Lawry.

I also brought to John Lawry's, Supervisor, Terry Gandy, Asset Protection Manager, the problem with delivery. I told them that I had talked to an ex-store manager and asked him if we were supposed to have 10% of our commission taken away if a customer had merchandise delivered to them when it was damaged. This process started June 1, 2004 and ended November 8, 2004 after I was terminated. I lost a lot of money on sales adjustments and no one looked into this matter until I started asking questions. Sears is not concerned about treating the black female associates fairly, but is only looking out for the white male and female sales associates. Kenneth Reese has never liked me because I am black. I did my job. I came to work regularly and I worked very hard when there. The real reason he fired me was because I am a black female.

On October 29th, the day of the big Monster Sale, all full timers were scheduled 8:30 a.m. - 6:00 p.m. The District Staff came down to see all the new changes that had been made in the store during the scheduled hours. We were not busy at all around 6:00 p.m. We were scheduled to leave and the traffic started to pick up leaving only Carolyn Landers (white female) to take care of the customers. I told Jackie Dodson that Carolyn would not be able to take care of all the customers. Shortly after Kenneth came to the sales floor, he started to help Carolyn wait on customers. He knew that we had not made any money all day and this was the perfect time for us to stay and lend a helping hand for the company and ourselves. Kenneth walked over and asked

us why we were still there.  In the past, if the department was short staffed, our supervisor would commend us for staying, so we thought he would appreciate us remaining there to help out, but he wanted Carolyn Landers (white female) to make all the money and he rung up sales for her, which was not right.

On November 1st, the day I was terminated, Terry Gandy walked to the sales floor and told me there was a problem in hardware with associates using coupons. He asked me what was the procedure. I told him that it was my understanding that after using them to tear them up. I also said to him, that he knows that associates had established a practice of reusing coupons as an incentive to customers to purchase big items.

Around 1:00 Terry Gandy, who is white, called me and told me to come to Byron's old office. When I got back there Terry and Nina Fitzwater who is white were there to question me about the coupons, he told me that I used fourteen coupons in the month of October on different customers. He asked where I got my response that the customers brought them in and I told him that some of them came from Service Technicians and he asked which Service Technicians. I told him that I didn't know because they did not give them to me directly. At the end of our conversation, he told me not to say anything about what was discussed because that would be grounds for termination. I said that anything you do around this place would be grounds for termination and I walked back to the sales floor.

Around 4:00, Kenneth Reese called me to his office where he, Terry Gandy, Nina Fitzpatrick were also present. He asked did I know why he had

called me back there and I told him no. He said that Terry Gandy had brought to his attention that I used fourteen coupons during the month of October on different customers. My response was that I didn't know that using coupons on customers was a problem. He said, being that I had used the same coupon fourteen times, I was terminated and I could go and work some place else. I was devastated. I told him that he has wanted to create a bogus reason for terminating me every since he started working there. The reason he terminated me was because I was a black female, because he only terminated black females, and did not terminate the white sales associates for engaging in the same action. Any associate that is working there now would corroborate this fact, because every associate in the entire store used coupons for more than one customer per coupon, and Kenneth Reese was aware that the white associates engaged in the same actions.

12/6/2005

## Daily Appeals Report

**WILLIS/BEATRICE**
Separation resulted from
Claimant statement

418981217
1
LDW 110104. TERM BY KENNY REESE,STORE MANAGER
FOR VIOLATION OF COMPANY POLICY. I WAS ACCUSED
OF ILLEGAL USE OF COUPONS. I NEVER ILLEGALLY
USED ANY COUPONS. THE CUSTOMERS BROUGHT IN
THE COUPONS. THE SERVICE TECHS WERE SUPPOSE
TO GIVE THE COUPONS TO CUSTOMERS WHO CALLED
IN FOR REPAIRS  BUT THEY ALSO GAVE THEM TO SOME
OF THE SALES ASSOCIATES TO USE.  I NEVER
RECEIVED ANY OF THE COUPONS.  I WAS EMPLOY

Employer statement

LEFT VM FOR SUSAN WRIGHT ON 111604 @ 9:30AM
REQUESTING FINAL INCIDENT,POLICY,WARNING.
RESPONSE DUE 111804 OR A DECISION WILL BE MADE
BASED ON INFO AVAIL.

\*\*FTR 111804 1:02PM JN

Employer phone number
Person interviewed
Title of person being interviewed
Date of interview
Usual occupation
Type of work seeking
ES referral required?
ESO Office
Was BRI booklet received?
Interview date

8008480287

SALES, GENERAL
SALES, GENERAL
Y
Opelika
Y

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

JAN - 4 2006

Neil Smart, Jr.
CUSTODIAN OF RECORDS

114

DEFENDANT'S
EXHIBIT

14  Willis

PROD. BY DEFENDANT
00195
WILLIS v. SMITH