# EXHIBIT 7

Case 3:05-cv-01019-SRW    Document 26-15    Filed 10/16/2006    Page 1 of 6

## DECLARATION OF STEPHANIE DARBY

The undersigned, Stephanie Darby, deposes and states as follows:

1. My name is Stephanie Darby, and I am a white female over the age of nineteen (19) years. I have personal knowledge of the facts set forth in this Declaration, and I give this Declaration voluntarily, without coercion and under penalty of perjury.

2. I began working for Sears Roebuck & Co. in September of 2002 at its store located in Auburn, Alabama, as a sales associate in Sears' shoe department. I was promoted to the appliance department in the middle of 2003. I worked in the appliance department until September 4, 2004. From September 2004 until December 2005, I worked in Sears' HUB office performing cash office functions. In December 2005, I began working as the stores HR Lead. I resigned from that position in April 2006, because I obtained another job in Huntsville, Alabama.

3. When I worked in the appliance department, I worked with Denise Smith and Beatrice Willis.

4. My duties as an appliance sales associate primarily included being familiar with Sears' promotions and discounts, selling appliances to customers, working the cash register, keeping the sales area and the appliances clean, unpacking and setting out the appliances and the accessories on the sales floor for display, and any other duties that management asked me to perform.

5. During my employment at Sears, I received and was trained on Sears' policies contained in its Associate Handbook, including Sears' policy regarding unauthorized discounts. Sears' unauthorized discount policy strictly prohibits sales associates from applying a coupon or other discount to a transaction when the customer is not eligible to receive the coupon or discount. I understood from the handbook and my training that Sears considered the giving of

1465507

unauthorized discounts to be unethical and unacceptable behavior and that associates could be terminated for engaging in such conduct.

6. In addition to being trained on Sears' unauthorized discount policy through Sears' handbook, Kenny Reese, who was the Store General Manager, and John Lawrie, who was my immediate supervisor when I worked in appliances, routinely held meetings with all of appliance, hardware, and electronics sales associates (hardlines sales associates). During some of these meetings Reese and Lawrie specifically discussed unauthorized discounts and Sears' policy prohibiting this behavior. All the hardlines sales associates were required to attend these meetings. I recall that Denise Smith and Beatrice Willis were working in appliances when management held these meetings.

7. When I was employed with Sears, it offered various coupons to its customers. The coupons had terms and conditions written on them including what products the coupon could be applied to and what customers were eligible to receive the discount on the coupon. During my employment at Sears, I was trained to read the terms of the coupon to see if the customer was entitled to receive the discount. I was also trained to either discard the coupons or to put them in the detail drawer to be turned into the cash office at the end of the day.

8. When I worked in appliances, one of the coupons that Sears offered was a $65.00 service coupon. I understood that these coupons were given out by Sears' service technicians (and not sales associates) at the customers home when a customer declined a service repair. I further understood that the customer would then bring this coupon to the store and present it to the sales associate to receive a $65.00 discount on the purchase of a replacement item. I recall that this was stated on the coupon. I also understood that sales associates were required to

collect and destroy the coupon and not reuse it after the customer presented it the sales associate for the discount. I recall that this was also printed on the coupon.

9. I never gave a customer an unauthorized discount using Sears' service coupon or any other coupon.

10. The only times I applied the service coupon to a sale was when a customer brought it into the store after receiving it from a service technician. After receiving the coupon from the customer, I threw it away or I put it in the drawer to be turned in to Sears' cash office.

11. I never gave a customer a discount using a service coupon that was already in the register.

12. I recall that when I worked in appliances Willis and Smith got upset with me on a few occasions when I tried to throw away a service coupon that was left in the register.

13. No one from management, including Kenny Reese, Terry Gandy, or John Lawrie, ever told me to use coupons to close a sale if the customer was not eligible to receive the coupon.

14. I never heard anyone from management, including Kenny Reese, Terry Gandy, or John Lawrie, instruct any sales associate to use the service coupon or any other coupon to close a sale if the customer was not eligible to receive the coupon.

15. I never saw any one from management put any service coupons by the register or otherwise distribute these coupons.

16. I never observed Kenny Reese, Terry Gandy, John Lawrie or anyone in management treat black associates less favorably than white associates.

17. I recall that on several occasions Kenny Reese went to lunch with Byron Mason, who is African-American and who was Sears' Softlines Manager when Reese was the Store General Manager.

18. Kenny Reese did not always speak to me when I worked at Sears. I observed that Kenny Reese spoke to white associates just as much as he spoke to black associates.

19. When I worked at Sears, I heard Kenny Reese tell sales associates, both black and white, to stop watching football on the televisions which were in the electronics department and to return to work.

20. When I worked in the appliance department, I would regularly go to the back of the store to make copies of documents. This was part of my job as a sales associate.

21. When I worked in the appliance department, Kenny Reese and John Lawrie routinely instructed me to dust the sales area and to bring items from the back to put on the sales floor. I understood that this was part of my job as a sales associate.

22. When I worked in the appliance department, John Lawrie regularly told me to set out appliances on the sales floor as well as the accessories that went with these products and to take any empty boxes to the back. He asked me to do this both during and before the remodeling of the store. I likewise understood that this was part of my job as a sales associate.

23. When I worked as a sales associate in the appliance department, I worked part-time because I was a full-time student at Auburn University. When I was hired, Sears informed me that it would accommodate my class schedule so I could remain in school. I understood that Sears' Auburn store made an every effort to accommodate students' class schedules. This is one of the reasons why I wanted to work at Sears.

24. When I worked at Sears in appliances department, I worked the schedule I was given and rarely asked for additional time off. I worked for other sales associates if they could not cover their shift. Likewise, the other associates would cover a shift for me if I needed it.

25. I never heard Kenny Reese, Terry Gandy, John Lawrie, or anyone in management at Sears ever make any derogatory remarks about African-Americans.

26. I never heard Kenny Reese, Terry Gandy, John Lawrie, or anyone in management say that Denise Smith was terminated because of her race.

27. I have not reason to believe that Smith was terminated because she is black.

28. I have no reason to believe that Terry Gandy, Kenny Reese, or any member of management thought that I violated Sears' unauthorized discount policy or misused the service coupon.

29. I am not aware of any Sears employee who has violated Sears' unauthorized discount policy and has been retained.

30. I was not working as a sales associate in November 2004.

31. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_6/13/06_    _Stephanie Darby_
DATE         STEPHANIE DARBY

1465507                           5