IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BEATRICE L. WILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05cv1019-SRW |
| | ) |
| SEARS ROEBUCK & CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Upon consideration of plaintiff's motion to continue filed October 27, 2006, and for good cause it is

ORDERED that the motion be and hereby is GRANTED as follows:

**SECTION 1.** A pretrial conference of this case is scheduled for 4:45 p.m. on March 13, 2007 in courtroom 5-B, Frank M. Johnson, Jr. United States Courthouse Complex, Montgomery, Alabama. The pretrial order shall be filed three business days prior to the pretrial hearing (see the attached proposed pretrial order form).

This cause is set for non-jury trial commencing on April 16, 2007 in Montgomery, Alabama.

**SECTION 2.** Plaintiff's response to defendant's motion for summary judgment shall be filed on or before January 8, 2007. Defendant's reply shall be filed on or before January 19, 2007.

**SECTION 3.** On or before January 29, 2007, counsel for all parties shall conduct a face to face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short

of trial.

**Section 4.**  No later than **THREE WEEKS PRIOR TO THE PRETRIAL CONFERENCE,** each party shall exchange the names and addresses of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 9.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 5.**  No later than **TWO WEEKS PRIOR TO THE TRIAL DATE**, the parties shall identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written notice to the contrary is given prior to the scheduled trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 6.**  On or before **TWO WEEKS PRIOR TO THE TRIAL DATE**, the parties shall furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written notice to the contrary is given no later than **SEVEN (7) DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence.  The written notice shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

**SECTION 5.**  All other deadlines set out in the uniform scheduling order entered on March 14, 2006 shall remain in effect.

DONE, this 3rd day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

Case 3:05-cv-01019-SRW    Document 29    Filed 11/03/2006    Page 3 of 6

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

|  |  |
|---|---|
| Plaintiff, ) ) ) ) | |
| v.  ) | CIVIL ACTION NO. _____ |
| ) ) | |
| Defendants. ) | |

ORDER ON PRETRIAL HEARING

This cause coming on to be heard on a regular pretrial hearing on _____,
and all parties being present in person or by counsel, the following action was thereupon taken:

    1.    PARTIES AND TRIAL COUNSEL:

        COUNSEL APPEARING AT PRETRIAL HEARING: (same as trial counsel or indicate if different)

    2.    JURISDICTION AND VENUE:

    3.    PLEADINGS: The following pleadings and amendments were allowed:

[**Note: Sections 4 and 5 of the pretrial order are the most important because they focus specifically on the claims and defenses of the parties, and thus provide the framework for the court's preliminary and final instructions to the jury.  The format for these sections is very specific and must be followed.  Failure to complete these sections in the form prescribed will result in the court's rejection of the proposed pretrial order.]**

4. **PLAINTIFF(S)' CLAIMS**: [in this section, the plaintiff should specifically state the claims which are to be presented to the trier of fact and provide the court with the statutory basis for each claim and a brief statement of the facts in support of the claim.  Where the basis of the claim is non-statutory, the plaintiff should provide the court with the citation of a case setting forth the elements of the claim as well as a brief statement in support of the claim.]  Each claim should be separately listed.

5. **DEFENDANT(S)' DEFENSES**: [in this section, the defendant should specifically state the affirmative defenses which are to be presented to the trier of fact and a brief statement of the facts which support those defenses.  Where the defense presented is a factual defense, the defendant shall address each of the plaintiff's claims and set forth a brief factual statement of the defense to those claims.]  Each defense should be separately listed.

6. **STIPULATIONS OF FACT BY AND BETWEEN THE PARTIES:**

7. The plaintiff(s) shall file a trial brief with the court **on or before** _____.  The defendant(s) shall file a trial brief with the court **on or before** _____.

8. **If a jury trial:**  The parties are ORDERED to file any requested voir dire questions and any proposed jury instruction, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY**. Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.

9. Any motions in limine or similar motions must be filed **not later than two weeks** prior to trial and must be accompanied by a brief.  The court will not entertain motions to exclude or limit evidence thereafter.  Responses to these motions shall be filed **not later than one week** prior to trial.

      10. All exhibits shall be marked prior to trial with exhibit labels, which are available from the clerk's office. In addition to the original exhibits marked for introduction, each party shall have available copies of each photostatically reproducible exhibit as follows: (1) one copy for each opposing party and (2) one copy for the court which shall be contained in a tabbed notebook.

      11. It is ORDERED that all of the allowances and agreements contained in this order be, and the same are hereby, binding upon all parties in this case unless this order is hereafter modified by the court.

      DONE this _____ day of _____, 2001.


_____
UNITED STATES MAGISTRATE JUDGE