IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BEATRICE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:05-CV-1019-W |
| | ) | |
| SEARS, ROEBUCK & CO., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE

**COMES NOW** the defendant, Sears, Roebuck and Co. ("Sears"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Court to strike inadmissible portions of the documents submitted by the Plaintiff in support of Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment.  In support of its Motion, Sears shows the following:

**A.     GROUNDS**

    **1.     Evidence containing hearsay is inadmissible.** *See Macuba v. Deboer*, 193 F. 3d 1316, 1322-23 (11th Cir. 1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'"); *Pritchard v. Southern Co. Services*, 92 F. 3d 1130, 1135 (11th Cir. 1996); *Powers v. CSX Transp., Inc.*, 97 F. Supp. 2d 1297, 1308 n.1 (S.D. Ala. 2000) (granting defendant's motion to strike unauthenticated documents containing hearsay).

    **2.     Evidence containing conclusory allegations and statements that lack the proper foundation is inadmissible.** *See Evers v. General Motors Corporation*, 770 F. 2d. 984, 986 (11th Cir. 1985) (stating that affidavits in opposition to a motion for summary judgment

1542559

which contain conclusory allegations without specific facts to support such allegations have no probative value); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (mandating that affidavits containing conclusory arguments unsupported by specific facts or those not based on personal knowledge are due to be stricken).

3.    **Evidence that is speculative and not based on personal knowledge is inadmissible.**  *See CMS Industries, Inc., v. L.P.S. International, LTD.*, 643 F. 2d 289, 295 (5th Cir. Unit B. 1981); *Gore v. GTE South, Inc.*, 917 F. Supp. 1564, 1570 (M.D. Ala. 1996) (stating that "affidavits proffered in opposition to a motion for summary judgment must be based on personal knowledge.") *White v. Wells Fargo Guard Services*, 908 F. Supp. 1570, 1577 (M.D. Ala. 1995).

4.    **Evidence that contradicts prior sworn testimony is inadmissible***. See Van T. Junkins v. U.S. Industries, Inc.*, 736 F. 2d 656 (11th Cir. 1983) (stating that a party cannot create issues of material fact by submitting an affidavit that "merely contradicts, without explanation, previously given sworn testimony.").

5.    **Evidence that is irrelevant and/or immaterial under Federal Rule of Evidence 401 is inadmissible.**  *See* Fed. R. Evid. 401.

B.    **INADMISSIBLE EVIDENCE OFFERED BY THE PLAINTIFF**

1.    **The following portions of Shannon Bryant's declaration are due to be stricken.**

a.    **Bryant Decl. ¶ 5.**   Shannon Bryant states that "[d]uring the last year of my employment at the Sears Auburn Store it was made a practice to reuse coupons out of the register drawers for customers and employees regardless of what type of coupon it was."   This statement is <u>irrelevant</u> because the plaintiff was not terminated for reusing coupons out of the drawer; rather, the plaintiff was specifically terminated for granting *<u>unauthorized</u> <u>discounts</u>* by

giving customers Sears' <u>$65.00</u> <u>service</u> <u>coupon</u> even though these customers were <u>not</u> <u>eligible</u> for this discount. Bryant's statement regarding the use of coupons from the <u>register</u> <u>drawer</u> without any facts identifying the terms of the coupon and whether the customer was eligible to receive it is simply not probative of any issue in the case. Therefore, this statement is completely irrelevant and is due to be stricken.

        **b.**    **<u>Bryant Decl. ¶ 6.</u>**  Bryant states that "[i]n August 2004, I witnessed Stephanie Darby, a white female, remove a $30.00 coupon out of her register drawer in the appliances department and ring two (2) separate transactions for Terry Gandy, a white male to purchase a dishwasher and a cook top." Again, this testimony is completely <u>irrelevant</u> because Bryant offers <u>no</u> <u>evidence</u> of what the terms of these coupons were and <u>whether</u> <u>Gandy</u> <u>was</u> <u>eligible</u> to receive the discount. Plaintiff's termination was based on unauthorized discounts she gave to customers who were not eligible to receive the discounts. Consequently, this statement simply is not probative as to whether others engaged in the same misconduct as the plaintiff or any other issue in the case. Therefore, it is due to be stricken.

        **c.**    **<u>Bryant Decl. ¶ 7.</u>**  Bryant says that there was no training on how to discard a coupon after it was used by a customer and that "[w]e would sometimes give the customers their coupons back so they could reuse them." These statements are likewise <u>irrelevant</u> because Bryant again offers <u>no</u> <u>facts</u> regarding what the <u>terms</u> <u>of</u> <u>these</u> <u>coupons</u> were and <u>who</u> <u>was</u> <u>eligible</u> to use them. Moreover, whether there was additional training on how to discard a used coupon is also irrelevant because the plaintiff undisputedly had received and was aware of Sears' unauthorized discount policy (i.e. giving coupons to customers who were not eligible to receive them). (Pltf. depo. p. 67:12-23, Ex. 3). Furthermore, the service coupon itself clearly instructed sales associates on its very face when it could be applied and told them to

collect and destroy the coupon once it was used.  (Pltf. depo. p. 76:14-77:9, Ex. 4).  Therefore, these statements are due to be stricken.

        **d.**    **Bryant Decl. ¶ 8.**  Bryant states that "[j]ournal tapes can only be pulled from register within 30 days, but they are supposed to be pulled every night at the close of business….I have personal knowledge that Terry Gandy and Kenny Reese could have done a complete and more thorough investigation."  First, Bryant, despite her contention, lacks the requisite <u>personal</u> <u>knowledge</u> as Bryant was <u>not</u> <u>even</u> <u>employed</u> at the time of the investigation and thus could not possibly know what documents or records were available at that time.  (Bryant depo. p. 29:2-14).  Furthermore, she readily admits that she does not know what Gandy did to investigate the coupon abuse.  (Bryant depo. p. 48:5-20).  Additionally, whether Gandy could have examined records beyond 30 days is simply <u>irrelevant</u> as to any issue in the case.  It is undisputed that Gandy investigated 30 days of transactions covering the <u>same</u> <u>time</u> <u>period</u> for <u>all</u> of the appliance associates.  Therefore, it is irrelevant and immaterial to the issue of discriminatory intent as to whether he could have reviewed sales records for a longer period of time.

     Moreover, the statement that Gandy and Reese "could have done a complete and more thorough investigation" is also due to be stricken because it is <u>conclusory</u> and amounts to nothing more than Bryant's subjective opinion about the quality of the investigation.  Besides not being the plaintiff's supervisor or in the loss prevention department, Bryant was not even employed at Sears at the time of the investigation.  (Bryant Depo. p. 29:2-14).  Thus, she has absolutely <u>no</u> <u>basis</u> for her conclusion and does not even pretend to provide a foundation for her inadmissible conclusory statement.

Finally, these statements completely <u>contradict</u> Bryant's deposition testimony.  In her deposition, Bryant admits that the sales associates did not turn in the journal tapes when she worked at Sears.  (Bryant depo. p. 96).  Thus, even according to Bryant's own testimony, Gandy could not have done "a more thorough investigation."  Consequently, these statements should be stricken.

       **e.**    **<u>Bryant Decl. ¶ 10.</u>**    Bryant states that "Sears of Auburn Store Management allowed for other associates to ring under other associates register/employee numbers." Bryant offers no specific examples to support her conclusory statement, and it is due to be stricken.

       **f.**    **<u>Bryant Decl. ¶ 11.</u>**  Bryant states that if Terry Gandy and Kenny Reese "had completed a thorough investigation, they would have had to fire the whole store and this is including management, but instead Terry Gandy chose to investigate Denise Smith and Beatrice Willis because they were two (2) black trouble makers in appliances.  We all used the coupons whether it was a $65.00 coupon or any other coupon."  These statements are due to be stricken because they are <u>conclusory</u> in that they assume, without any factual basis, that Smith and Willis were investigated because of their race.[1]  Moreover, this portion of Bryant's declaration boldly concludes, without bothering to identify anyone by name or facts to support her contention, that "all" the associates misused the service coupon.   Therefore, the Court should strike this portion of Bryant's declaration.

       **g.**    **<u>Bryant Decl. ¶ 12.</u>**  Bryant states, "[i]n September 2004, I, in fact, heard Terry Gandy state to John Lawrie, 'we are finally getting rid of the two (2) black trouble makers

---

[1]     This is clearly incorrect as the documentary evidence shows that <u>all</u> of the appliance associates, both black and white, were investigated for misusing the service coupon. (Pltf. depo. p. 119:11-17, 188:4-190:9; Gandy Decl. ¶¶ 20, 21).

in appliances,' and then John Lawrie said, 'that's good.'"  This statement is a classic example of <u>hearsay</u> because it is an out of court statement offered to prove the truth of the matter asserted.

In addition, this statement is due to be stricken pursuant to Rule 37 because the plaintiff <u>did</u> <u>not</u> <u>disclose</u> these alleged remarks overheard by Bryant in the plaintiff's 26(a) disclosures, in her interrogatory responses, <u>or</u> in her deposition testimony.  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) of 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Because the plaintiff failed to disclose the information asserted by Bryant's declaration, despite her numerous opportunities to do so, the plaintiff cannot now use this information to oppose defendant's motion for summary judgment.  *See Parries v. Makio, Inc.*, 148 Fed. Appx. 291, 300 (6th Cir. 2005) (upholding the district court's implicit ruling as to the employer's motion to strike direct evidence alleged in a declaration of one of the plaintiff's co-workers because the plaintiff had failed to properly disclose the matter in violation of Rule 26); *Cooper v. Southern Co.*, 390 F. 3d 695, 728 (11th Cir. 2004) (holding that because Rule 26's witness disclosures "are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 in not merely aspirational."(internal citations omitted)).  For these reasons, this portion of Bryant's declaration is due to be stricken.

**h.     Bryant Decl.  ¶ 15.**  Bryant makes several statements regarding the training sales associates received regarding the Associate Handbook and unauthorized discount policies.  Specifically, Bryant asserts that policies against giving unauthorized discounts were not discussed at sales associates' meetings while Kenny Reese was Store General Manager.  These statements are due to be stricken because Bryant was not a sales associate or a supervisor who

would have provided sales associate training, and she lacks the requisite <u>personal</u> <u>knowledge</u> to testify as to what was said at sales associate meetings. (Bryant depo. p. 49:3-7).

       **i.**    **Bryant Decl. ¶ 16.**  Bryant states that Kenny Reese went to lunch with Bryon Mason, but that "[i]f Byron Mason were just a timecard or lead associate, Kenny Reese would not have gone to lunch with him because he was black." Bryant offers no specific facts to support her purely <u>conclusory</u> statement, and this statement should not be considered by the Court. Moreover, this assertion amounts to nothing more than Bryant's <u>subjective</u> <u>opinion</u>. Consequently, this portion of Bryant's declaration is due to be stricken.

       **j.**    **Bryant Decl. ¶ 17.**  Bryant states that "Byron Mason once said to me that he thought that Kenny Reese had Carolyn Landers watching [sic] every move he made, when they both were scheduled during the same shift. He also stated because we were black, we need to be careful and watch each others back."[2] First, this statement is due to be stricken pursuant to Rule 37 because the plaintiff <u>did</u> <u>not</u> <u>disclose</u> these alleged remarks overheard by Bryant in the plaintiff's 26(a) disclosures, in her interrogatory responses, <u>or</u> in her deposition testimony. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) of 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Because the plaintiff failed to disclose the information asserted by Bryant's declaration, despite her numerous opportunities to do so, the plaintiff cannot now use this information to oppose defendant's motion for summary judgment. *See Parries,* 148 Fed. Appx. at 300 (upholding the district court's implicit ruling as to the employer's motion to strike direct evidence alleged in a

---

[2]    Mason denies ever making any such statements. (Mason decl. ¶¶ 24-25).

declaration of one of the plaintiff's co-workers because the plaintiff had failed to properly disclose the matter in violation of Rule 26).

Additionally, these statements are out of court statements offered to prove the truth of the matter asserted and are therefore <u>inadmissible</u> <u>hearsay</u>. Consequently, they cannot be considered on a motion for summary judgment and are due to be stricken.

      **k.**     **Bryant Decl. ¶ 18**. Bryant states that "I spoke with Byron Mason from Denise Smith's cell phone that night and Byron said that he was not aware that Beatrice [Willis] was being terminated and that it was unfair and that Kenny would have to terminate the whole store because everyone was using coupons out of the register drawers."[3] This testimony is <u>inadmissible</u> <u>hearsay</u> because it is an out of court statement offered to prove the truth of the matter asserted. Consequently, it should not be considered on a motion for summary judgment.

This statement is also <u>wholly</u> <u>irrelevant</u> because the plaintiff was not terminated for using coupons out of the register drawer; rather the plaintiff was specifically terminated for violating Sears' <u>unauthorized</u> <u>discount</u> policy by giving Sears' $65.00 service coupon to customers who were <u>not</u> <u>eligible</u> to receive it. Furthermore, Mason's subjective feelings as to whether the termination was fair is not at all relevant as Mason was neither directly involved in the investigation nor the termination decision. *See Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (granting employer's motion to strike parts of a store manager's affidavit testimony offering her <u>opinion</u> as to management employment decisions because they were conclusory and speculative).

      **l.**     **Bryant Decl. ¶ 19**. Bryant makes several statements alleging that Kenny Reese was only interested in placing a white employee into a particular department. However,

---

[3]    Moreover, Mason denies ever making any such statement. (Mason Decl. ¶ 23).

Bryant provides <u>no</u> <u>factual</u> <u>basis</u> for her conclusion.  Accordingly, these statements are <u>speculative</u>, <u>conclusory</u>, and have absolutely <u>no</u> <u>probative</u> value.  Moreover, this assertion amounts to nothing more than Bryant's <u>subjective</u> <u>opinion</u>.  *See Johnson*, 119 F. Supp. 2d at 1283.  For these reasons, this portion of Bryant's declaration is due to be stricken.

        **m.**     **Bryant Decl. ¶ 20.**  Bryant makes several statements alleging that Kenny Reese would not talk to black employees and that Reese would ask white associates to do jobs for which black associates had more experience.  This statement is <u>conclusory</u> because Bryant fails to offer any facts to support her assumption; she presents no evidence that these black associates were more qualified to do the job or that Reese did not place these employees in a position or ask these employees to perform certain tasks because they are black.  Moreover, this conclusion is merely her <u>opinion</u> and lacks a sufficient foundation in the record before the Court.  *See Hawthorne v. Sears Termite & Pest Control, Inc.*, 309 F. Supp. 2d 1318, 1335 (M.D. Ala. 2003) (J. Fuller) (granting the employer's motion to strike that portion of a co-worker's affidavit asserting that "the only possible reason for [the plaintiff's] not being promoted was because of his race--African-American."); *Robertson v. The Home Depot (U.S.A.), Inc.* 976 F. Supp. 1467, 1476 (S.D. Fla. 1997) (finding that co-workers' opinions regarding discrimination in the workplace are conclusory).   Thus, this statement amounts to nothing more than Bryant's own subjective opinion, and her conclusory opinions have <u>no</u> <u>probative</u> <u>value</u> and should be excluded.

        **n.**     **Bryant Decl. ¶ 21.**  Bryant states that "[m]y observation was when it came to pretty white females such Crystal Young, you could forget about the company availability needs." Once again, Bryant offers <u>no</u> <u>facts</u> in support of this conclusion.  Moreover, this conclusion is <u>merely</u> <u>her</u> <u>opinion</u> and lacks sufficient foundation in the record before the Court.  *See Hawthorne*, 309 F. Supp. 2d at 1335 (granting the employer's motion to strike that

portion of a co-worker's affidavit asserting that "the only possible reason for [the plaintiff's] not being promoted was because of his race--African-American."); *Robertson,* 976 F. Supp. at 1467 (finding that co-workers' opinions regarding discrimination in the workplace are conclusory). Thus, this statement amounts to nothing more than Bryant's own subjective opinion, and her conclusory opinions have <u>no</u> <u>probative</u> <u>value</u> and should be excluded.  Bryant's testimony offering nothing more than her own irrelevant feelings is due to be stricken.

   **o.** **<u>Bryant Decl. ¶ 22.</u>** Bryant states, "I resigned from Sears because I could not take it any longer being around the discrimination atmosphere of Kenny Reese and Terry Gandy."  This statement is clearly <u>conclusory</u> and <u>irrelevant</u> because Bryant fails to offer any specific facts to support her allegation.  It is well settled that a fellow employee's mere impression about discrimination in the work place is conclusory and cannot support an opposition to a motion for summary judgment.  *See Hawthorne,* 309 F. Supp. 2d at 1335 (granting the employer's motion to strike that portion of a co-worker's affidavit asserting that "the only possible reason for [the plaintiff's] not being promoted was because of his race--African-American."); *Robertson,* 976 F. Supp. at 1476 (finding that co-workers' opinions regarding discrimination in the workplace are conclusory).  Thus, this statement amounts to nothing more than Bryant's <u>own</u> <u>subjective</u> <u>opinion</u>, and her conclusory opinions have <u>no</u> <u>probative</u> <u>value</u> and should be excluded.

   **p.** **<u>Bryant Decl. ¶ 23.</u>** Bryant states that management allowed sales associates "to use the $65.00 coupons and any other coupons," and that "Denise [Smith] and Beatrice [Willis] did as the white associates did in appliance."  Not only are these statements regarding the use of coupons incorrect, they are <u>purely</u> <u>speculative</u>.  Bryant does not offer a <u>single</u> fact to support these conclusions.  She fails to identify any "white associates" who

misused the service coupon or point to any documentary or other evidence to support this broad allegation.[4]  For this reason, this portion of Bryant's declaration should be stricken.

In addition, Bryant's statement that the plaintiff and Denise Smith "were two great associates, who names meant something and stood out to the customers, they were dedicated and love doing their job," is due to be stricken because is it <u>conclusory</u> and <u>irrelevant</u>.  It is well-settled that the opinions of non-supervisors, especially conclusory ones, are clearly not relevant to the issue of intentional discrimination.  *See Feazell*, 819 F. 2d at 1041 (upholding the district court's exclusion of <u>opinion</u> <u>testimony</u> of a <u>former</u> <u>employee</u> because it was <u>irrelevant</u> to the issue of intentional discrimination).  *Johnson*, 119 F. Supp. 2d at 1283 (granting employer's motion to strike a portion of store manager's affidavit testimony offering her opinion as to management's employment decisions because they were conclusory and speculative).

q.    **Bryant Decl. ¶ 24.**  In this paragraph, Bryant states that "Kenny Reese set his own local store policy and neglected the policy that the company had set into place for us to follow."  Once again, Bryant offers no facts to support this <u>conclusory</u> and <u>speculative</u> statement, and it is due to be stricken.

2.    **The following portions of Denise Smith's declaration are due to be stricken.**

a.    **Smith Decl. ¶ 3**.  Smith claims "I was subjected  to adverse job action by being terminated for illegal use of coupons when other white associates were using the same coupons."  This self-serving statement is due to be stricken because it is <u>speculative</u> and <u>conclusory</u>.  Smith offers <u>no</u> <u>specific</u> <u>facts</u> establishing that any white associates had misused the

---

[4]    Moreover, the undisputed record clearly reveals that Sears was not aware of anyone else who misused the service coupon other than Willis and Smith.  See Sears' *Brief in Support of its Motion for Summary Judgment*.

$65.00 service coupon and were not terminated.  Absent any such facts to support this broad assertion, this statement is conclusory and is due to be stricken.

Smith also states that "No one was given oral or written warning to stop using the coupons; only Beatrice Willis (an African-American Female) and myself (also an African-American) was terminated."  This statement is due to be stricken because it is contradictory. Sears had a clear policy strictly <u>prohibiting</u> <u>unauthorized</u> <u>discounts</u> that clearly stated that doing so would result in termination, not a warning.  The plaintiff admits that she received this policy. Thus, whether the plaintiff was given any additional warning is not probative of any issue in the case.

Likewise, Smith's statement that "I personally know that not only in the appliance department but throughout the whole Auburn Sears store coupons were being reused," is due to be stricken because this statement is <u>wholly</u> <u>irrelevant</u>.  Smith fails to state who used these coupons, what the terms of the coupons were and whether the customer was eligible to receive them.  Whether unidentified associates reused unspecified coupons with unknown terms is simply not probative of whether Sears discriminated against the plaintiff or Smith when it terminated their employment for giving <u>unauthorized</u> <u>discounts</u> to customers using the <u>service</u> <u>coupon</u>.  Consequently, these statements should be stricken.

> **b.** **<u>Smith Decl. ¶ 5</u>**.  Smith states that "I personally know that Kenny Reese, Terry Gandy, John Lawie, Byron Mason, Jackie Dodson, Carolyn Landers, Stephanie Darby, and Clint Till have lied and perjured themselves about the use of coupons." Once again, Smith offers <u>no</u> <u>facts</u> in support of this statement.  Absent any specific facts, it is nothing more than her <u>subjective</u> <u>opinion</u>.  Such opinions are clearly inadmissible.

Moreover, Smith's statement that she was "never trained nor told by any member of management to destroy coupons or turn them in at night," is irrelevant because the service coupon on its face clearly instructs sales associates to collect and destroy the coupon once it is used. (Pltf. depo. p. 76:14-77-9, Ex. 4).

Furthermore, Smith's statement that "I personally know that coupons were not destroyed or turned in at night," is due to be stricken because it contradicts her prior deposition testimony. In her deposition, Smith admits that she did not always work with these employees and therefore did not know what happened to the coupons. (Smith depo. pp. 196:10-17; 198:2-18, attached hereto as Exhibit A).[5]    Additionally, because Smith did not work every night with these employees, Smith lacks personal knowledge as to whether these employees destroyed or turned in coupons at the end of the night. Therefore, this statement is due to be stricken.

Finally, Smith's statement that "[c]oupons were being reused on a regular basis by all associates," is due to be stricken because it is irrelevant and conclusory. Smith offers no specific facts to support her allegation. She fails to specify who was misusing a coupon, what coupon was being misused, or when it occurred. Without such facts, this statement has no probative value and should be stricken.

      **c.**    **Smith Decl. ¶ 7.**  Smith makes several statements regarding Clint Till's alleged drinking habits, and about how he missed a day of work because he was charged with a DUI and no adverse action was taken against him.  First, Smith lacks personal knowledge regarding who knew about Till's alleged DUI or what disciplinary action may have been taken

---

     [5]     Defendant has attached as Exhibit A to this motion the relevant portions of Denise Smith's deposition testimony which was taken in a separate lawsuit that she filed against defendant.

against Till.  And second, this is completely irrelevant because Willis was not terminated for receiving a DUI.  For these reasons, this portion of Smith's declaration is due to be stricken.

   **d.**  <u>**Smith Decl. ¶ 9.**</u> Smith makes several statements regarding Terry Gandy's receipt of coupons on his personal transactions.  These statements are likewise <u>irrelevant</u> and due to be stricken because Smith offers <u>no</u> <u>evidence</u> that Gandy was awarded a discount for which he was not eligible, let alone a discount involving Sears' service coupon, which is the only relevant issue in this case.  Therefore, these statements are due to be stricken.

   **e.**  <u>**Smith Decl. ¶  10**</u>.  Smith makes statements regarding Terry Gandy's purchase of a dishwasher and cook top for his parents.  Once again, these statements are not probative of any issues in this case.  There is absolutely <u>no</u> <u>evidence</u> to prove or even suggest that the discounts involved the service coupon or that the <u>discount</u> <u>was</u> <u>unauthorized</u>.  Consequently, this portion of Smith's declaration is irrelevant and should be stricken.

   **f.**  <u>**Smith Decl. ¶ 11**</u>.  Smith makes statements regarding Byron Mason's use of coupons from the drawer.  Smith states that "Byron was doing this because it was common practice throughout the Auburn Store and probably thought just like the rest of us did that he was doing nothing wrong."  Smith's statement about what Mason "probably thought," is <u>purely</u> <u>speculative</u> and not based on Smith's personal knowledge.  Therefore it is due to be stricken.

  Furthermore, Smith's statements regarding Mason's use of coupons out of the drawer are <u>irrelevant</u> and due to be stricken because the plaintiff was <u>not</u> <u>terminated</u> for <u>reusing</u> <u>coupons</u> out of the drawer.  Rather, the plaintiff was specifically terminated for violating Sears' <u>unauthorized</u> <u>discount</u> <u>policy</u>.  Smith offers no evidence as to the terms of these coupons, let alone whether Mason was giving these coupons to customers who were not eligible for them.  Therefore, her statements have absolutely <u>no</u> <u>probative</u> value and are due to be stricken.

       g.    **Smith Decl. ¶ 12**.  Smith recounts a conversation she had with Terry Gandy on November 8, 2004, prior to her termination.  Smith states that, "I told him he only said something to the black females about these coupons but Carolyn Landers and Stephanie Darby had used the same coupons and I think what they are doing now towards myself and Beatrice Willis was not fair….I told him we were told to use coupons to close sales and now we are being terminated for something we were encouraged to do."  Not only are these assertions <u>inadmissible hearsay</u>, but they <u>contradict</u> Smith's prior deposition testimony.  In her deposition when asked about her meeting with Terry Gandy she <u>never</u> stated that she told Gandy that Landers or Darby had used the same coupon or he only said something to the black females.  (Smith depo. p. 136:5-10, 138:11-141:2, 162:23-163:20, attached hereto as Exhibit A).  In her deposition, Smith was specifically asked two times about her November meeting with Gandy.  And neither time did she ever mention Landers and Darby and their use of the coupon.  (Smith depo. p. 136:5-10, 138:11-141:2, 162:23-163:20, attached hereto as Exhibit A).

       h.    **Smith Decl. ¶ 14.**  Smith makes several statements regarding Kenny Reese's promoting her to a full-time position in the appliances department.  Smith states that "I did not feel grateful or look at this as a promotion because a promotion is something that you feel like is a benefit to you, not something forced upon you."  First, Smith's <u>subjective</u> <u>opinion</u> as to whether she "felt" that this was a promotion is <u>irrelevant</u>.  The fact remains that it <u>was</u> <u>a promotion</u> whether she "felt grateful" or not.  Moreover, the statements in this paragraph <u>contradict</u> Smith's prior deposition testimony in which she admitted that being a sales associate in appliances is a <u>better</u> <u>position</u> as compared to electronics (which is where she was before she moved to appliances) because employees can make the most money in that department.  (Smith

depo. at pp. 81:7-82:7, attached hereto as Exhibit A).  For these reasons, Smith's statements are due to be stricken.

      **i.**    **Smith Decl. ¶ 16**.  Smith states that "The day Lisa and Danny (both African-American) were suppose [sic] to go to lunch, I personally saw Kenny Reese come to the floor to go to lunch with the associates and when he saw Lisa and Danny were about to go he said he would be right back and never returned.  He never went out to lunch with the remodel associates after that."  This statement is due to be stricken because it is <u>purely</u> <u>speculative</u> and Smith offers <u>no</u> <u>specific</u> <u>facts</u> to show that the fact Reese never returned had anything to do with their race.[6]  These ridiculously conclusory allegations should not be considered on a motion for summary judgment.

      **j.**    **Smith Decl. ¶ 22**.  Smith makes several statements regarding Merle Miller's use of service coupons, ringing transactions under Smith's associate number, and using coupons that were in the drawer.  This statement squarely <u>contradicts</u> her prior deposition testimony:  "Q:  Anyone else you claim that was not terminated for misusing the service coupon besides Darby, Landers and Till.  A:  No."  (Smith depo. p. 204:3-7, attached hereto as Exhibit A).

These statements are due to be stricken for the additional reason that they are <u>purely</u> <u>speculative</u> and <u>wholly</u> <u>irrelevant</u>.  Smith presents <u>no</u> <u>evidence</u> as to what coupons were involved in these transactions, what the terms of these coupons were, or why these customers were not eligible to receive these discounts.  Rather, Smith merely <u>assumes</u>, without presenting any

---

[6]    Furthermore, Smith's speculation is completely contradicted by undisputed record evidence -- that Reese went to lunch with Byron Mason, who is African-American, <u>almost</u> <u>every</u> <u>day</u>.  (Mason decl. ¶ 32; Reese decl. ¶32; Smith decl. ¶ 16).

specific facts, that Miller misused coupons and that Terry Gandy knew about this misuse. Smith's conclusory assumptions have absolutely no probative value and should be stricken.

        **k.**    <u>**Smith Decl. ¶ 23**</u>. Smith states that "Terry Gandy did not say why I was being terminated he said that my services were no longer need at Sears. The reason was listed on my unemployment form." These statements are due to be stricken because they clearly <u>contradict</u> Smith's prior deposition testimony in which she testified that she understood that she was being terminated for her use of the service coupons. (Smith depo. p. 170:3-170:11, attached hereto as Exhibit A).

        **l.**    <u>**Smith Decl. ¶ 25**</u>. Smith makes several statements regarding Michael Cunningham's use of coupons. Smith states that "I personally know that Michael Cunningham (a white male) had abused coupons and was not terminated for coupon abuse." Once again, these statements are due to be stricken under Fed. R. Civ. P. Rule 37 because Cunningham was never disclosed as a potential comparator during the course of discovery. *See* Fed. R. Civ. P. Rule 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) of 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."). Because the plaintiff failed to disclose the information asserted or even mention Cunningham during the course of discovery, the plaintiff cannot now possibly use this information to oppose defendant's motion for summary judgment. *See Cooper*, 390 F. 3d at 728.

    This statement also blatantly <u>contradicts</u> Smith's prior deposition testimony where she testified that Darby, Landers and Till were the only other employees that she claims had misused the service coupon. (Smith depo. p. 204:3-7, attached hereto as Exhibit A).

Furthermore, this portion of Smith declaration is <u>purely</u> <u>speculative</u> and <u>wholly</u> <u>irrelevant</u>. Smith presents <u>no</u> <u>evidence</u> as to what coupons were involved in these transactions, what the terms of these coupons were, or why these customers were not eligible to receive these discounts. Rather, Smith merely assumes, without presenting any evidence, that Cunningham misused coupons and that Terry Gandy knew about this misuse. These unsupported assumptions have absolutely no probative value and should be stricken.

Finally, Smith's statement that "Kenny Reese and Terry Gandy still would have not terminated Michael Cunningham had it not been for the District Loss Prevention Manager not Terry Gandy and Kenny Reese." This statement is likewise <u>conclusory</u> and amounts to nothing more than her <u>subjective</u> <u>opinion</u>. Such statements have absolutely no probative value and should not be considered by the Court.

      **m.**    **<u>Smith Decl. ¶ 26</u>**. Smith states that Byron Mason "talked to me about being afraid for his job and how we blacks had to stick together because Kenny Reese was out to get all of us. He even asked me to watch his back because he felt like Kenny Reese had Carolyn Landers watching him and he did not trust Kenny Reese or Carolyn Landers. Byron felt that Carolyn Landers was Kenny Reese's spy in order to keep an eye on the black employees. I told Byron I would watch his back for him because I feared for my job and any other black employees job."[7]

In addition to being <u>pure</u> <u>hearsay</u>, these statements are due to be stricken pursuant to Rule 37 because these statements were not <u>disclosed</u> in plaintiff's 26(a) disclosures, in her interrogatory responses, <u>or</u> in her deposition testimony. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

---

[7]     Mason denies ever making any such statements. (Mason Decl. ¶ 24-25).

A party that without substantial justification fails to disclose information required by Rule 26(a) of 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Because the plaintiff failed to disclose this information during discovery despite numerous opportunities to do so, the plaintiff should not now be permitted to use this information to oppose defendant's motion for summary judgment. *See Parries*, 148 Fed. Appx. at 300 (upholding the district court's implicit ruling as to the employer's motion to strike direct evidence alleged in a declaration of one of the plaintiff's co-workers because the plaintiff had failed to properly disclose the matter in violation of Rule 26).

Moreover, this testimony completely <u>contradicts</u> Smith's prior deposition testimony. In her deposition, Smith stated that <u>all</u> Mason said to her during this conversation (after Willis' termination) was that "It wasn't right. Any of you terminate her you've got to terminate everybody . . . ." (Smith depo. p. 168, attached hereto as Exhibit A). She did <u>not</u> testify, as she does now, that Mason said that "We blacks have to stick together because Kenny is out to get all of us," that he felt like he was being watched by Landers and Reese, or that Smith needed to watch his back. Smith's statements pertaining to this conversation in her declaration contradict those in her deposition; therefore, this portion of Smith's declaration is due to be stricken.

**3.    The following portions of James Benson's declaration are due to be stricken.**

**a.    <u>Benson Decl. ¶ 3</u>**. Benson states that "[r]eusing coupons from various circulars or booklets was a practice that was widely used throughout the store until 2004 when, suddenly, sales associates were terminated for improper coupon usage." This statement is <u>irrelevant</u> because the plaintiff was not terminated for <u>reusing</u> <u>store</u> <u>coupons</u> from circulars or booklets, rather she was terminating for giving <u>unauthorized</u> <u>discounts</u> by allowing customers to

use the $65.00 service coupons even though these customers were not eligible to receive this discount.  Accordingly, this statement has no probative value and is due to be stricken.

     **4.**     **The following portions of Beatrice Willis's declaration are due to be stricken.**

     **a.**     <u>**Willis Decl. ¶ 9.**</u>  Willis states, "I have personal knowledge that Carolyn Landers and Stephanie Darby, who are white females have used coupons out of the drawer for customers, associates, and some of the managers at the Sears Auburn Store."  This statement is <u>irrelevant</u> to any issue before the court.  Willis offers <u>no</u> <u>evidence</u> regarding what the terms of these coupons were or whether these customers were eligible to receive the discount.  (Pltf. depo. pp. 151:7-154:23, 156:3-18, 162:7-168:21, Ex. 9, 169:13-173:21, 175:4-11, 176:15-18, 177:9-15, 178:2-186:9, Ex. 10, 188:4-190:9, 211:9-22, 218:1-219:8).  Therefore, it is not relevant to the issue of whether these associates are proper comparators to the plaintiff who was terminated for violating Sears' <u>unauthorized</u> <u>discount</u> policy using the <u>service</u> <u>coupon</u>.  Accordingly, this statement has <u>no</u> <u>probative</u> value and is due to be stricken.

     **b.**     <u>**Willis Decl. ¶ 11**</u>.  Willis states that "I have personal knowledge  that Terry Gandy was able to go back for more than thirty (30) days.  He could have gone into the Sears local system to pull transactions for more than six (6) months."  Not only does Willis fail to offer any evidence that she has <u>personal</u> <u>knowledge</u> to support these statements or any facts upon which she could base her assertion, Gandy investigated 30 days of transactions covering the same time period for <u>all</u> of the appliance associates.  Thus, it is completely irrelevant whether Gandy could have pulled sales transaction records for a longer period of time.

     Moreover, this testimony completely <u>contradicts</u> Willis' deposition testimony.   In her deposition, Willis clearly admits that the journal tapes were only retained for 30 days.  (Pltf. depo. p. 115:2-9).  Consequently, this portion of Willis's declaration is due to be stricken.

   **c.**  <u>**Willis Decl. ¶ 12**</u>. Willis states, "I have witnessed on several different occasions where Terry Gandy has made purchases for friends and family members that were pulled from the register drawer." Again, Willis offers <u>no</u> <u>evidence</u> regarding the terms of these coupons and/or whether Gandy was eligible to receive these discounts. Consequently, this statement is due to be stricken because it is irrelevant to any issue before the court.

   **d.**  <u>**Willis Decl. ¶13**</u>. Willis makes several statements regarding training associates and management received regarding the proper use of coupons. First, Willis was not a member of management therefore she has no <u>personal</u> <u>knowledge</u> regarding the training management received on the proper use of coupons. Thus her statements on this subject are due to be stricken. Second, whether there was <u>additional</u> <u>training</u> on how to discard a used coupon is irrelevant to the issue before the court. The plaintiff was terminated for giving <u>unauthorized</u> <u>discounts</u> using the service coupon. (Pltf. depo. p. 131:14-132:3). The plaintiff was well aware and had received a copy of this policy. (Pltf. depo. pp. 67:12-23, Ex. 3, 69:1-70:10). Moreover, the service coupon itself stated who was eligible for it and that it should be discarded after it was used. (Pltf. depo. p. 76:7-77:9, Ex. 4). Consequently, this portion of Willis's declaration is due to be stricken.

  **WHEREFORE, PREMISES CONSIDERED**, defendant respectfully requests that the Court grant Defendant's Motion to Strike and strike the above identified inadmissible portions of the documents submitted by the Plaintiff in support of Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted,


/s/ MiekeA.Hemstreet
Mac B. Greaves (GRE007)
Mieke A. Hemstreet (HEM007)
Attorneys for Defendant

SEARS, ROEBUCK AND CO.


OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100


## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the above and foregoing pleading on counsel by U. S. Mail and filing the foregoing with the Clerk of the Court using the CM/EMF system on this the 12th day of February, 2007:

T. Robin McIntyre
2101 Executive Park Drive
Opelika, Al 36801


/s/ Mieke A. Hemstreet
OF COUNSEL