IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| BEATRICE WILLIS,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No.: 3:05cv1019-W<br>) |
| SEARS ROEBUCK & CO.,<br>    Defendant. | )<br>)<br>) |

**PLAINTIFF'S RESPONSE AND BRIEF TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff submits the following response and brief to Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment:

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith" when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). Clearly this is not the case in this action there are numerous genuine issues as to material facts.

1. Gandy's Remark Does Constitute Direct Evidence.

Shannon Bryant's declaration includes the following, see Exhibit 1, Decl. Shannon Bryant, Par. 12:

Bryant's statement, "...in September 2004, I, in fact, heard Terry Gandy state to John Lawire, 'we are finally getting rid of the two (2) black trouble makers in appliances,' and then John Lawrie said, 'that's good.'" Bryant's statement is not hearsay under Federal Rules of Evidence, Rule 801(d)(2), Admission by party-opponent. This admission by party-opponent is direct evidence and should be

viewed in total to obtain the totality of the circumstances to determine that Sears has treated similarly situated white employees more favorably during the time of Beatrice Wills' employment with Sears.

2. Comparators Similarly Situated to Beatrice Willis.

In Sears' Reply Brief In Support of Its Motion for Summary Judgment, (doc. no. 35) states, "None of the Alleged Comparators are Similarly Situated to the Plaintiff." The important factors to be evaluated here are what management was doing at the Sears' store in Auburn, how they ran the Sears' store in Auburn, and what instructions they gave sales associates in appliance about coupons and the use of coupons. In Terry Gandy's declaration paragraph number 20 he list sales associates in appliance as Denise Smith (African-American), Jackie Dodson (African-American), Carolyn Landers (white), and Merle Miller (white), see Sears' Exhibit "3". Clearly Beatrice Willis was similarly situated in all relevant respects to the non-minority employees in appliance at the Sears' store in Auburn.

Shannon Bryant stated in her declaration that before and during 2004, management at the Sears Auburn Store made it a practice to reuse coupons out of the register drawers for customers and employees regardless of what type of coupon it was, see Exhibit 1, Decl. Shannon Bryant, Par. 5. When coupons would not take through the register the sales associate would page the Manager on Duty and the manager would go to the register to swipe or manually input the supervisor's approval code, see Exhibit 1, Decl. Shannon Bryant, Par. 5. In short management at the Sears Auburn Store set their own policy for coupon use which did not at all follow Sears' corporate policy. Shannon Bryant states in her declaration, "Sears Corporate Policy was not being followed by Sears Auburn Store, Unit 2595. The management staff was not good leaders at the Sears of

Auburn Store. I was part of the Sears Auburn Store Management Team, I was confused and was lead to believe that we (Sears Auburn Store) had our own set of policies and procedures, which were different from the other full-line stores." See Exhibit 1, Decl. Shannon Bryant, Par. 23. The sales associates at the Sears Auburn Store followed what the management at the Sears Auburn Store wanted them to do to help drive sales, see Exhibit 1, Decl. Shannon Bryant, Par. 13, and Exhibit 2, Decl. Beatrice Willis, Par. 9. Sears' management at the Sears Auburn Store knew their policy on "in store" coupon use long before November 2004, and knew how they had their sales associates using coupons. Kenny Reese, the Sears Auburn Store General Manager, would have some associates, Shannon Bryant, Instore Marketing Lead, and himself to make copies of expired coupons to distribute at all the registers, see Exhibit 1, Decl. Shannon Bryant, Par. 13. Kenny Reese terminated Beatrice Willis' employment with Sears on November 1, 2004, on the pretext of violating the service coupon policy.

There certainly is evidence before the Court that management at the Sears' store in Auburn was not following Sears' corporate policy as it related to coupon use. It would be contrary to common sense in view of the evidence before the Court to conclude that Beatrice Willis was the only sales associate in appliance to misused a coupon including the $65.00 service coupon in an effort to follow the "in store" policy set by the management of the Sears' store in Auburn on coupon use. It should be note by the Court as Shannon Bryant stated above that management at the Sears Auburn Store made it a practice to reuse coupons out of the register drawers for customers and employees regardless of what type of coupon it was. Also, it would be contrary to common sense in view of the evidence before the Court to conclude that management of the Sears' store in

Auburn did not have knowledge of how sales associates in appliance were using coupons and also reusing coupons.

3. Known Facts.

In Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment the Plaintiff submitted declarations of Shannon Bryant, Denise L. Smith, James S. Benson, and Beatrice Willis. These declarations are based on the personal knowledge of those making the declarations. When the Plaintiff's declarations are compared with the declarations provided by Sears it is clear that there are genuine issues as to material facts in this action. The termination of Beatrice Willis did not just occur in a vacuum or a totally separate event. It is both relevant and with probative value to have knowledge about what management was doing at the Sears' store in Auburn and how they ran the Sears' store in Auburn. All of Shannon Bryant's statements are relevant and have probative value to this action and all should be allowed to be used as evidence.

Bryant's statement, "...in September 2004, I, in fact, heard Terry Gandy state to John Lawire, 'we are finally getting rid of the two (2) black trouble makers in appliances,' and then John Lawrie said, 'that's good.'", is not hearsay under Federal Rules of Evidence, Rule 801(d)(2), Admission by party-opponent. Plaintiff did not with hold this information from Sears it came to light based on Terry Gandy's statement in his declaration.

## CONCLUSION

Sears has attempted to mislead the Court by trying to get the Court to look at all the evidence and fact presented by the Plaintiff as being speculation, conjecture, inadmissible hearsay, or immaterial. Sears' management has demonstrated "intentional discrimination" through the statement of Terry Gandy

which was made to John Lawrie which was heard by Shannon Bryant. Beatrice Willis was the victim of "intentional discrimination" by Sears' management.

This Court should **not** grant Sears' motion for summary judgment because there are genuine issues as to material facts and Beatrice Willis can produce "significant probative evidence" showing an actual dispute as to material facts. Sears has treated similarly situated white employees more favorably during the time of Beatrice Willis' employment with Sears.

/s/ T. Robin McIntyre
T. Robin McIntyre
Attorney for Plaintiff
2101 Executive Park Dr.
Opelika, AL 36801
(334) 745-3223

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20 day of Feb, 2007, by U.S. Mail sent a copy of the above to:

Hon. Mac B. Greaves
Burr & Forman LLP
3100 South Trust Tower
420 North 20th Street
Birmingham, AL 35203

/s/ T. Robin McIntyre
T. Robin McIntyre

5