IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| BEATRICE WILLIS,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No.: 3:05cv1019-W<br>) |
| SEARS ROEBUCK & CO.,<br>    Defendant. | )<br>) |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE**

Plaintiff submits the following response and brief in opposition to Defendant's Motion To Strike:

In Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment the Plaintiff submitted declarations of Shannon Bryant (Exhibit 1), Denise L. Smith (Exhibit 2), James S. Benson (Exhibit 3), and Beatrice Willis (Exhibit 4). These declarations are based on the personal knowledge of those making the declarations. When the Plaintiff's declarations are compared with the declarations provided by Sears it is clear that there are genuine issues as to material facts in this action. The termination of Beatrice Willis did not just occur in a vacuum or a totally separate event. It is both relevant and with probative value to have knowledge about what management was doing at the Sears' store in Auburn and how they ran the Sears' store in Auburn. All of Shannon Bryant's statements are relevant to this action and all should be allowed to be used as evidence.

Shannon Bryant worked at the Sears' store in Auburn for 14 years and was in management from July 2003, until October 2004, as the store's Instore

1

Marketing Lead. Her personal knowledge of what she saw and heard while working at the Sears' store in Auburn is relevant to this action. Shannon Bryant's statement (see Exhibit 1, Decl. Shannon Bryant, Par. 5) that "...during the last year of my employment that the Sears Auburn Store it was made a practice to reuse coupons out of the register drawers for customers and employees regardless of what type of coupon it was," is very relevant in this action because Beatrice Wills indicates she was following store policy in what she did as how to use coupons to include the $65.00 service coupon. Shannon Bryant's statement has probative value as to the Auburn store management's view of coupon use. Also, Bryant's statement in her declaration Exhibit 1 paragraph 6, is relevant to show how management, Terry Gandy, personal used coupons at Sears and his knowledge of how the coupons were used. Terry Gandy states in his declaration paragraph 34 (see Sears' Exhibit 3), he never received an authorized discount. Bryant states she saw Terry Gandy obtain a discount. Bryant's knowledge is relevant about the fact that there was no training on how to discard a coupon after it was used. Again it is important in this action to know what management was doing as it related to coupons, also Bryant's knowledge of the facts is clearly different from what Kenny Reese stated as what the facts were. Bryant has personal knowledge that Gandy could have examined records beyond 30 days and did not is relevant because the information he did not look at would have reveled other sales associates were misusing coupons. Bryant personally knows that other associates used other associates register/employee numbers and this is relevant as to who rang up any given sale. Bryant's statement (See Exhibit 1, Decl. Shannon Bryant, Par 12), "...in September 2004, I, in fact, heard Terry Gandy state to John Lawire, 'we are finally getting rid of the two (2) black trouble makers in appliances,' and

then John Lawrie said, 'that's good.'", is not hearsay under Federal Rules of Evidence, Rule 801(d)(2), Admission by party-opponent. Plaintiff did not with hold this information from Sears it came to light based on Terry Gandy's statement in his declaration. Bryant's statements that relate to Byron Mason are relevant to show what Mason knew about management and what he knew about coupon use. Bryant has the right to state (see Exhibit 1, Decl. Shannon Bryant, Par. 22), "I resigned from Sears because I could not take it any longer being around the discrimination atmosphere of Kenny Reese and Terry Gandy.", because under Federal law the totality of the circumstances is to be viewed in a case of race discrimination. Bryant's statement (see Exhibit 1, Decl. Shannon Bryant, Par.24), "Kenny Reese set his own local store policy and neglected the policy that the company had set into place for us to follow.", is relevant because she does state in her declaration how Reese did not follow Sears' policies.

    Denise Smith's declaration should be used as evidence because it is based on her personal knowledge. It is relevant that she has personal knowledge that Terry Gandy did obtain discounts on his purchases because Gandy in his declaration states he did not. Smith's statements that relate to Byron Mason are relevant to show what Mason knew about management and what he knew about coupon use. The fact that Smith knows that Merle Miller used service coupons and rang transactions under her number is relevant to this action since Sears does not provide this information. Willis has not tried to keep this information from Sears and Sears already had this information through their management. Also, Sears had full knowledge about Michael Cunningham's use of coupons through its management, Willis was not withhold this information from Sears. Smith was responding to declarations provided by Sears which prompted Smith to make any

3

statement about Michael Cunningham.

James Benson's declaration should be used as evidence because it is based on his personal knowledge. Benson's name was provided to Sears under Plaintiff's Rule 26 Disclosures. Based on statements made in declarations provided by Sears Benson provided his declaration. Willis has not tried to keep this information from Sears and Sears already knew this information through their management. Benson's statement has probative value as to the Auburn store management's view of coupon use.

Beatrice Willis' declaration should be used as evidence because it is based on her personal knowledge. Willis' statements have probative value as to the Auburn store management's view of coupon use, and training.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith" when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). Clearly this is not the case in this action there are numerous genuine issues as to material facts stated above to include the following: Shannon Bryant stated the Sears Auburn Store management set their own policy for coupon use and did not follow Sears corporate policy, Kenny Reese and Terry Gandy say they followed Sears corporate policy; Shannon Bryant states that Kenny Reese personally made copies of expired coupons to distribute at all the register which was against Sears corporate policy; Denise Smith states there were no meetings on coupons, Kenny Reese and Terry Gandy say there were; James S. Benson states, "I attended a number of meetings... I do not recall the statement or implementation of a policy regarding coupons, Kenny Reese and Terry Gandy say there were; Beatrice Willis states, "While Kenny Reese was store general manager at the

Auburn Store, we never had any training on the policy and procedures for the use of coupons," Kenny Reese and Terry Gandy say there were; Denise Smith states when questioned by Terry Gandy about using coupons she stated that no manager past or present had told her to destroy or turn coupons in at night, and that sales associates have always used coupons more than once and management encouraged it, Kenny Reese and Terry Gandy say there were instructions given on coupons; Shannon Bryant states that Terry Gandy misused coupons, Terry Gandy states he did not; Shannon Bryant states she saw Stephanie Darby, a white female, remove a $30.00 coupon out of Darby's register drawer to ring two separate transactions for Terry Gandy, Terry Gandy does not state this based on his investigation; Denise Smith personally knows that Terry Gandy used coupons on his personal transactions and Beatrice Willis also has personal knowledge of Terry Gandy use of coupons on his personal transactions, Terry Gandy states he did not; Terry Gandy makes no mention based on his investigation that other sales associates rang sales under other associates number without that associates knowledge; Beatrice Willis states that she told Terry Gandy, "I know that I didn't ring some of the sales that I was terminated for;" John Lawrie states, "I never heard Kenny Reese, Terry Gandy, or anyone in management ever make any derogatory remarks about African-Americas," but he did hear Terry Gandy make such a statement. Plaintiff has produced "significant probative evidence" showing an actual dispute as to material facts. The Plaintiff has presented specific nonconclusory facts that would support a jury verdict against Sears on the issue of discriminatory intent. That Willis has comes forward with sufficient evidence to establish a *prima facie* case and has responded sufficiently to create a genuine issue of material facts.

## CONCLUSION

For the foregoing reasons, this Court should **not** grant Sears' motion to strike because there are genuine issues as to material facts provided in these declarations provided by the Plaintiff which are of a probative value in this case and the declarations should be viewed in total to obtain the totality of the circumstances to determine that Sears has treated similarly situated white employees more favorably during the time of Beatrice Wills' employment with Sears.

The legitimate reason offered by Sears was not its true reason, but was a pretext for discrimination. The pretext is clear because Sears' management only looked at a thirty day period which limited the investigation to a time where many months of misusing of coupons by management and sales associate would not be reviewed and come to light since management was directly involved in the misusing of all coupons in the Sears' Auburn store. Sears acted with a discriminatory purpose against Beatrice Willis.

*/s/ T. Robin McIntyre*
T. Robin McIntyre
Attorney for Plaintiff
2101 Executive Park Dr.
Opelika, AL 36801
(334) 745-3223

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20 day of Feb, 2007, by U.S. Mail sent a copy of the above to:

Hon. Mac B. Greaves
Burr & Forman LLP
3100 South Trust Tower
420 North 20th Street
Birmingham, AL 35203

*T. Robin McIntyre*
T. Robin McIntyre